UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUSAN PERKINS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PIM BRANDS USA, INC.,

Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

25-CV-2280
(Garaufis, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On February 5, 2025, Plaintiff Susan Perkins, individually and on behalf of all others similarly situated, commenced this lawsuit in the Supreme Court of the State of New York, Kings County, against Defendant PIM Brands USA, Inc.[1] *See* Dkt. No. 1 at 10-29.[2] On April 24, 2025, Defendant removed this action to the United States District Court for the Eastern District of New York. *See* Dkt. No. 1 at 1-8.

Currently pending before the undersigned, on a referral from the Honorable Nicholas G. Garaufis, United States District Judge, is Plaintiff's motion, pursuant to 28 U.S.C. § 1447, to remand this action to the Supreme Court of the State of New York, Kings County. *See generally* Dkt. Nos. 9, 10; Referral Order dated October 14, 2025. In support of her motion, Plaintiff argues that remand is required because federal question jurisdiction is lacking, as Plaintiff only alleges violations of New York General Business Law ("NY GBL") §§ 349 and 350 in the Complaint. *See* Dkt. Nos. 9, 10. For the reasons set forth below, the undersigned respectfully recommends that

---

[1] Defendant states that it is improperly sued as PIM Brands USA, Inc., and that it is actually incorporated as "Promotion in Motion, Inc., d/b/a PIM Brands, Inc." Dkt. No. 1 at 1.

[2] Page citations are to the ECF-stamped pages unless otherwise noted.

the Court grant Plaintiff's motion to remand this action to the Supreme Court of the State of New York, Kings County.

## I. <u>Relevant Background</u>

In deciding a motion to remand, the Court will assume the truth of non-jurisdictional facts alleged in the Complaint, but the Court "may consider material outside of the Complaint including 'documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis' where jurisdictional facts are contested." *BGC Partners, Inc. v. Avison Young (Canada), Inc.*, 919 F. Supp. 2d 310, 312 n.3 (S.D.N.Y. 2013) (quoting *Romano v. Kazacos*, 609 F.3d 512, 520, 520 n.4 (2d Cir. 2010)); *see also Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*, 520 F. Supp. 3d 353, 356 (S.D.N.Y. 2021) ("On a motion to remand for lack of subject matter jurisdiction, courts assume the truth of non-jurisdictional facts alleged in the complaint, but may consider materials outside of the complaint, such as documents attached to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis."). "The nature of plaintiff's claim must be evaluated on the basis of the record as it stands at the time the petition for removal is filed." *Bruan, Gordon & Co. v. Hellmers*, 502 F. Supp. 897, 901 (S.D.N.Y. 1980).

### A. Factual Background

Plaintiff, a resident of Kings County, New York, alleges that Defendant, a Delaware corporation with a principal place of business in New Jersey, sold "adulterated" strawberry fruit bars ("Real Strawberry Fruit Bars") that have larger proportions of apples and grapes than strawberries. Dkt. No. 1 at 15-16 ¶¶ 18-21; 21 ¶¶ 48-50. The Complaint lists health benefits of strawberries such as nutrient density, vitamin C, and polyphenols. *Id.* at 11-12 ¶¶ 4-10. Plaintiff also includes data from the Bureau of Labor Statistics that compares the per pound prices of apples

and strawberries, with apples ranging from $1.20 to $1.50 while strawberries are typically $2 to $4. *Id.* at 13 ¶ 14. Plaintiff alleges that Defendant "misbranded" the Strawberry Fruit Bars in a way that "caus[ed] purchasers to expect it was made entirely, or at least, in significant part, from strawberries . . ." despite strawberries being the smallest fruit component of the bars. *Id.* at 16 ¶ 21. Plaintiff further alleges that the product is "misbranded" because the bars use the term "Real Strawberry Fruit Bars" when that term is "not a truthful or non-misleading 'common or usual name' for fruit bars mainly made from apples and grapes." *Id.* at 17 ¶ 25.

Plaintiff lists three reasons why strawberries are the "characterizing ingredient" for the Real Strawberry Fruit Bars, as defined by 21 C.F.R. § 102.5(b). *Id.* at 18 ¶ 28. Plaintiff argues that: first, the proportion of strawberries in the food has a material bearing on the Real Strawberry Fruit Bars' price; second, the presence of strawberries has a material bearing on consumer acceptance; and third, the label and appearance of the Real Strawberry Fruit Bars creates an erroneous impression that the strawberries are present in an amount greater than is actually the case. *Id.* at 18-19 ¶¶ 29-35. Plaintiff argues that 21 C.F.R. § 102.5(b)(2) requires that "[t]he amount of strawberries was required to 'be declared by the words 'containing (or contains) __ percent (or %) ______' or '__ percent (or %) ______' with the first blank filled in with the percentage expressed as a whole number not greater than the actual percentage of [strawberries] . . . and the second blank filled in with the common or usual name of [strawberries].'" *Id.* at 19 ¶ 37 (quoting 21 C.F.R. § 102.5(b)(2)) (omissions in original).

Plaintiff argues that these "misleading representations and omissions" caused Plaintiff to pay a "premium price," of $2.99, higher than it would have sold for if "represented in a non-misleading way." *Id.* at 19 ¶ 38. Plaintiff affirms that she is a consumer who purchased the Real Strawberry Fruit Bars at issue and paid more for this product than she would have otherwise based

on Defendant's representations. *Id*. at 21-22 ¶¶ 54-56. Plaintiff claims that her damages are the difference between the higher cost she paid for the Real Strawberry Fruit Bars and the cost for fruit bars that contain larger amounts of non-strawberries. *Id*. at 22 ¶ 60.

Plaintiff seeks to represent a class of consumers who are New York citizens and who also purchased the fruit bars in reliance on Defendant's labeling. *Id*. at 22-23 ¶¶ 61-64. Plaintiff's single cause of action is brought under NY GBL §§ 349 and 350, which prohibit deceptive trade practices and false advertising, respectively. *Id*. at 25-28 ¶¶ 75-90. Plaintiff claims the difference in price between the strawberries bars as advertised and bars as purchased is "between five ($0.05) and sixty cents ($0.60) per unit." *Id*. at 28 ¶ 90. Finally, Plaintiff only seeks actual damages in addition to discretionary attorneys' fees, as authorized by GBL §§ 349 and 350. *Id*. at 28 ¶¶ 2-3.

### B. Procedural History

As noted above, on February 5, 2025, Plaintiff filed this action in the Supreme Court of the State of New York, Kings County. *See* Dkt. No. 1 at 2 ¶ 1. Defendant filed a notice of removal on April 24, 2025. *See id*.[3] This notice argued that this case arises under federal law because it "implicated significant federal issues." *Id*. at 4 ¶ 12. Defendant contends that resolution of this action "turns on the definitions and interpretations of 'adulterated' and 'misbranded' under federal law." *Id*. at 5 ¶ 15. The notice of removal also contends that federal jurisdiction is necessary to "ensure uniform application of the [Federal Trade Commission Act] FTCA and [Federal Food,

[3] Defendant's notice of removal included Defendant's basis for removal, all process, and pleadings that have been served upon them in accordance with the requirements of 28 U.S.C. § 1446(b). *See generally* Dkt. No. 1. Defendant filed the notice of removal within 30 days after it was served, satisfying the timeliness requirement of 28 U.S.C. § 1446(b)(1). *See id.* ¶ 2; *Wade v. Burns*, 803 F. App'x 433, 435 (2d Cir. 2020) (finding that when a basis for removal is apparent from the face of the complaint, the 30-day removal period will be enforced).

Drug, and Cosmetic Act] FDCA." *Id*. at 7 ¶ 22. Defendant did not remove this action based on diversity jurisdiction.

On April 27, 2025, Plaintiff filed her motion to remand this case to state court. *See* Dkt. Nos. 9, 10. Defendant filed its opposition to Plaintiff's motion to remand on May 2, 2025, and Plaintiff filed her reply on May 4, 2025. *See* Dkt. Nos. 14, 15. The pending motion to remand was referred to the undersigned by Judge Garaufis on October 14, 2025. *See* October 14, 2025 Dkt. Order.

## II. Legal Standards

"The federal district courts, as courts of limited jurisdiction, possess only such authority as is conferred by an act of Congress." *Elliott v. Jaquez*, 777 F. Supp. 3d 136, 146 (E.D.N.Y. 2025) (quoting *Portillo v. Bharara*, 527 F. App'x 48, 49 (2d Cir. 2013)). "An action filed in state court may be properly removed by a defendant to federal court in 'any civil action . . . of which the district courts of the United States have original jurisdiction.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting 28 U.S.C. § 1441(a)).

"Original jurisdiction exists where a 'federal question' is presented, 28 U.S.C. § 1331, or when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000." *Schabhuttl v. BJ's Membership Club, Inc.*, No. 23-CV-782 (NGG) (JMW), 2023 WL 3180379, at *1 (E.D.N.Y. May 1, 2023) (Garaufis, J.) (quoting 28 U.S.C. § 1332). "A defendant may remove 'any civil action brought in a state court' to federal court where 'the district courts of the United States have original jurisdiction.'" *Id.* (quoting § 1441(a)).

"[T]he burden of proving that jurisdiction is proper is on the party that removed the action." *Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, No. 12-CV-5078, 2014 WL 123488, at *5 (E.D.N.Y. Jan. 10, 2014) (Garaufis, J.) (quoting *Montefiore Med. Ctr. v. Teamsters Local

*272*, 642 F.3d 321, 327 (2d Cir. 2011)). "The statutes concerning removal are strictly and narrowly construed, 'resolving any doubts against removability.'" *Id.* (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013)).

"If a federal district court determines that it lacks subject matter jurisdiction over a case removed from state court, the case must be remanded." *Cnty. of Nassau v. New York*, 724 F. Supp. 2d 295, 301 (E.D.N.Y. 2010) (Bianco, J.) (citing 28 U.S.C. § 1447(c)); *see also Purdue Pharma*, 704 F.3d at 220 (noting the "Supreme Court's directive to construe removal statutes strictly and resolve doubts in favor of remand."); *Levitan v. Gilead Scis., Inc.*, No. 25-CV-393 (AMD) (JAM), 2025 WL 2782407, at *5 (E.D.N.Y. Sept. 30, 2025) ("If the federal court lacks subject-matter jurisdiction, it must grant the motion to remand.") (citation omitted).

## III. <u>Discussion</u>

At issue here is whether Plaintiff's state law claims fall within "a special and small category of cases" so as to admit federal question jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)). The undersigned respectfully recommends a finding that no federal question jurisdiction exists here.

"It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Barone v. Bausch & Lomb, Inc.*, 372 F. Supp. 3d 141, 146 (W.D.N.Y. 2019) ("In determining whether removal based upon federal question jurisdiction is proper, the 'well-pleaded complaint rule' typically governs, which requires a court to consider only allegations in the complaint and not matters raised by the defendant in defense.") (citing *Franchise Tax Bd. of the State of Cal v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9-10 (1983)).

Additionally, "the artful-pleading doctrine, [a] corollary to the well-pleaded complaint rule, prevents a plaintiff from avoiding [federal jurisdiction] by framing in terms of state law a complaint the real nature of [which] is federal, . . . or by omitting to plead necessary federal questions in a complaint." *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1019 (2d Cir. 2014) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 55 (2d Cir. 1998)). "Plaintiffs invoke federal-question jurisdiction by pleading causes of action created by federal law." *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 736 F. Supp. 3d 169, 179-80 (S.D.N.Y. 2024), *aff'd*, 136 F.4th 32 (2d Cir. 2025) (citing *Gunn*, 568 U.S. at 257).

"But even in the absence of artful pleading, federal jurisdiction may properly be exercised over a 'special and small' category of actual state claims that present significant, disputed issues of federal law." *NASDAQ OMX Grp.*, 770 F.3d at 1019 (citing *Gunn*, 568 U.S. at 256-57). "The category, which dates back 'nearly 100 years' in Supreme Court precedent, is rooted in 'the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.'" *Id.* (citing *Grable*, 545 U.S. at 312). Indeed, "the Supreme Court has been sparing in recognizing state law claims fitting this criterion." *Id.* (citations omitted). It is well-settled that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809-10 (1986); *see also Grable*, 545 U.S. at 314 (the presence of a federal issue does not operate "as a password opening federal courts to any state action embracing a point of federal law.").

The Supreme Court has established a four-part test—the *Grable-Gunn* test—to determine whether federal question jurisdiction exists. *AMTAX Holdings 227*, 736 F. Supp. 3d at 180 (citing

*Grable*, 545 U.S. at 314; *Gunn*, 568 U.S. at 258). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "The Supreme Court has made clear that jurisdiction is proper under *Grable-Gunn only* where 'all four of these requirements are met.'" *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 38 (2d Cir. 2025) (quoting *Gunn*, 568 U.S. at 258) (emphasis in original). "Where all four of these requirements are met, . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,'" and these advantages "can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313-14).

Applying the four-part *Grable-Gunn* test, the undersigned concludes that the third prong, substantiality of the federal issue, is lacking, and accordingly finds that this Court lacks federal question jurisdiction. The Court examines each *Grable-Gunn* factor below.[4]

### A. The First *Grable-Gunn* Factor

The first *Grable-Gunn* factor is whether a federal question is necessarily raised by the state law claim that Plaintiff brings. *See Gunn*, 568 U.S. at 258. "A state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law." *N.Y. ex rel. Jacobson v. Wells Fargo Nat'l Bank. N.A.*, 824 F.3d 308, 315-16 (2d Cir. 2016). Indeed,

[4] As noted above, Defendant does not seek removal on the grounds of diversity jurisdiction. But even if it had, "the party seeking removal must show that the plaintiff and defendant are of diverse citizenship and that the amount-in-controversy exceeds $75,000, the jurisdictional amount provided by 28 U.S.C. § 1332(a)." *Lycan Cap. Fund I, LLC v. Barnes*, No. 23-CV-4543 (HG) (MMH), 2023 WL 4491651, at *2 (E.D.N.Y. June 30, 2023). "The party seeking to remove the case has the burden of proving that the amount in controversy exceeds the statutory limit to a "reasonable probability." *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003). No such argument is raised here, thus, Defendant has not met its burden of demonstrating diversity jurisdiction.

"[f]or a federal issue to be necessarily raised, the mere presence of a federal issue in a state cause of action is insufficient; the pertinent question of federal law must be a necessary element of one of the well-pleaded state claims." *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 140 (2d Cir. 2023). "On the other hand, 'if a court could resolve the case without reaching the federal issues, then the claims do not necessarily raise a federal issue.'" *New York by James v. Sirius XM Radio Inc.*, 735 F. Supp. 3d 272, 277 (S.D.N.Y. 2024) (quoting *State by Tong*, 83 F.4th at 140).

The undersigned finds that the first factor is satisfied. Plaintiff's claim under GBL §§ 349 and 350 appears predicated on a violation of federal law, namely, the FTCA. Indeed, Plaintiff's complaint alleges that

> [t]he packaging and labeling of the Product violated the [FTCA], thereby violating the GBL, because the representations, omissions, design, markings, and/or other elements, including, "Real Strawberry Fruit Bars," promoted as "Made With Whole Fruit," with pictures of ripe strawberries, caused purchasers to expect it was made only from strawberries, or a predominant and/or relatively significant amount of strawberries, which was unfair and deceptive to consumers.

Dkt. No. 1 at 58 ¶ 81. "Where a federal issue is present as only one of multiple theories that could support a particular claim . . . this is insufficient to create federal jurisdiction." *Anghel v. Ruskin Moscou Faltischek, P.C.*, 598 F. App'x 805, 807 (2d Cir. 2015) (summary order) (citations omitted). Indeed, "[o]ne of the key characteristics of a mere 'theory,' as opposed to a distinct claim, is that a plaintiff may obtain the relief he seeks without prevailing on it." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195 (2d Cir. 2005).

Here, while the New York's Agriculture and Marketing law ("AGM" ) "similarly provides in relevant part that food shall be deemed misbranded '[i]f its labeling is false or misleading in any particular,' and incorporates the FDCA's labeling provisions found in 21 C.F.R. part 101," *Ackerman v. Coca-Cola Co.*, No. 09-CV-395 (JG), 2010 WL 2925955, at *4 (E.D.N.Y. July 21,

2010), the Court cannot award the relief requested by Plaintiff without reaching the question whether Defendant violated federal law. *See Sirius XM Radio*, 735 F. Supp. 3d at 277. Accordingly, at this stage in the litigation, the first *Grable-Gunn* factor is satisfied.[5]

**B. The Second *Grable-Gunn* Factor**

The second *Grable-Gunn* factor addresses whether the federal issue is actually disputed. *See Gunn*, 568 U.S. at 258. For the issue to be actually disputed, it must "qualif[y] as a 'central point of dispute' in that state action." *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 913 (2d Cir. 2024) (quoting *Gunn*, 568 U.S. at 259); *see also Levitan*, 2025 WL 2782407, at *11 (finding that a question about the legality of federal court orders and defendant's compliance with those orders is actually in dispute). Courts in this Circuit have defined "actually disputed" as the case when "the parties [] dispute the validity, applicability, construction, or effect of any of the federal standards referenced in the complaint." *Podems v. Cangemi*, No. 24-CV-4226 (NRM) (JRC), 2025 WL 934763, at *7 (E.D.N.Y. Mar. 3, 2025), *report and recommendation adopted*, 2025 WL 1064951 (E.D.N.Y. Apr. 9, 2025); *see also New York By James v. DailyPay, Inc.*, No. 25-CV-3439 (JGK), 2025 WL 2695712, at *7 (S.D.N.Y. Sept. 19, 2025) (finding that "a federal issue is 'actually disputed' when there is a controversy 'respecting the effect of federal law'") (quoting *Gunn*, 568 U.S. at 259).

---

[5] On May 29, 2025, the Court denied Defendant's application for a pre-motion conference for its anticipated dispositive motion, as the parties agreed that the Court should rule on the pending motion to remand before setting a briefing schedule for Defendant's anticipated motion to dismiss. The Court is therefore not opining on the merits of Plaintiff's claim here. The Court notes, however, that "[a]lthough the AGM incorporates federal regulations 'forbidding the misbranding of food, plaintiffs receive their private rights of action for the misbranding of food under consumer protection laws,' such as GBL §§ 349 and 350." *Frias v. Mars Wrigley Confectionery US LLC*, No. 23-CV-4422 (AT), 2024 WL 3988667, at *4 (S.D.N.Y. Aug. 28, 2024) (citations omitted). "AGM § 32 makes clear that New York's Commissioner of Agriculture and Markets, not individual plaintiffs, has the sole right to investigate and bring such actions under the AGM." *Id.* (quotation omitted).

Plaintiff argues that federal issues are not in dispute in this litigation because her state law claims can be proven only by reference to New York's AGM; neither party is attacking the validity of the FDCA, and the requirements for labelling fruit bars does not implicate a complex federal regulatory scheme. *See* Dkt. No. 10 at 11-12. Defendant argues that the federal issues raised are the only issues disputed in this litigation, and further contends that, if it was held to have complied with the federal requirements of the FDCA, such compliance would operate to preempt and foreclose recovery on Plaintiff's state law claim. *See* Dkt. No. 14 at 17.

The undersigned finds that the federal issue of whether Defendant complied with the FDCA is actually disputed for the purposes of the *Grable-Gunn* test. As pled, Plaintiff's contention that Defendant "misbranded" and "adulterated" its Real Strawberry Fruit Bars in violation of the FDCA, as adopted by the AGM, comprises an essential component of Plaintiff's claim under GBL §§ 349 and 350. *See* Dkt. No. 1 at 25-27 ¶¶ 75-90. Indeed, Plaintiff cannot prevail in this suit without proving the same. Defendant sharply disputes, "both legally and factually[,]" that its products were "mislabeled" or "adulterated" as defined under either federal or state law, *see* Dkt. No. 14 at 14 n.2, and further disputes that strawberries are the "characterizing" ingredient in its fruit bars. *Id.* at 20. Because the interpretation of the FDCA standards, as adopted by the AGM, concerning branding, labeling, and adulteration of Defendant's products is a critical component of this case, the federal issue is "actually disputed." *See Podems*, 2025 WL 934763 at *7 (holding that a dispute about the effect of a federal statute qualifies as an actual dispute); *Broder*, 418 F.3d at 195 (finding the "actually disputed" requirement met where the parties disagreed on whether the defendant's practices violated a federal antitrust statute); *but see Kennedy v. UnitedHealth Grp. Inc.*, No. 25-CV-432 (PAE), 2025 WL 1725147, at *6 (S.D.N.Y. June 20, 2025) (finding that a

federal issue raised by Defendant in opposition to remand and not in plaintiff's amended complaint or motion for remand was "manufactured" and not "actually disputed").

Therefore, the undersigned finds that the federal issues raised in Plaintiff's complaint are actually disputed.[6]

### C. The Third *Grable-Gunn* Factor

The third *Gunn-Grabel* factor mandates that the federal issue presented be "substantial." *See Gunn*, 568 U.S. at 260. That the federal issue is substantial to the resolution of the case, or to the parties is insufficient; "[t]he substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.*; *see also AMTAX Holdings 227*, 136 F.4th at 39 ("Substantiality requires that the embedded federal issue be important 'to the federal system as a whole,' not just the private litigants involved.") (citing *Gunn*, 568 U.S. at 260-64). "An issue has such importance (1) when a state-law claim would yield an interpretation of federal law that would be 'controlling in numerous other cases,' . . . or (2) when it challenges the 'action of any federal department, agency, or service.'" *AMTAX Holdings 227*, 136 F.4th at 39 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)). Additionally, "an issue that is 'fact-bound and situation-specific' is not sufficiently substantial to permit federal question jurisdiction." *Id.* (quoting *Empire Healthchoice Assur.*, 547 U.S. at 701. Moreover, "[a]n issue tends to be substantial if it is 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous [similar] cases.'" *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 145 (2d Cir. 2021) (quoting *Empire Healthchoice Assur.*, 547 U.S. at 700). "Even

[6] While this factor weighs in favor of removal, the Supreme Court has cautioned that, "the mere presence of a [disputed] federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Link Motion*, 103 F.4th at 913 (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)); *see also Arias v. Budget Truck Tr. I*, No. 09-CV-0774 (BMC), 2009 WL 497614, at *1 (E.D.N.Y. Feb. 26, 2009) (finding that the existence of a federal defense does not automatically confer federal question jurisdiction); *Isufi v. Prometal Const., Inc.*, 927 F. Supp. 2d 50, 54 (E.D.N.Y. 2013) (same).

absent federal review, substantiality is not shown by the mere possibility of a state court ruling at odds with federal law." *Link Motion*, 103 F. 4th at 914-15 (citing *Gunn*, 568 U.S. at 263).

While, as discussed *supra*, this action raises a federal issue that is actually disputed, the issue is insufficiently substantial to warrant the assertion of federal subject matter jurisdiction. Indeed, "substantiality must be determined based on a careful, case-by-case judgment." *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 116 (2d Cir. 2024) (quoting *NASDAQ OMX Grp.*, 770 F.3d at 1028) (citation omitted). "[I]t is to be expected that, after such careful, case-specific consideration, most federal law questions raised in connection with state law claims will not be deemed substantial." *Id*. (quoting *NASDAQ OMX Grp.*, 770 F.3d at 1029).

Plaintiff argues that this case lacks substantiality because the allegedly "fact-intensive" consumer deception dispute is only important to the parties, and any court holding would not govern other cases; thus, its resolution would not have implications for the federal system. *See* Dkt. Nos. 10 at 9-10; 15 at 7. Defendant contends that Plaintiff's theory of recovery "is purely a question of law with implications for future claims under the FDCA, that should be resolved in federal court[,]" and does not present fact-intensive inquiries. *See* Dkt. No. 14 at 19-20.

The undersigned is inclined to agree as this case presents a fact-specific inquiry (and not a pure question of law), which lessens its potential precedential value and thus, its importance to the federal system and substantiality. *See Empire Healthchoice*, 547 U.S. at 701 (finding that fact-bound and specific claims are not substantial questions of federal law as they would not "govern numerous [similar] cases"). To assess the merits of Plaintiff's claim, the Court would have to investigate the ingredients of the Real Strawberry Fruit Bars; assess the relative value of the Real Strawberry Fruit Bars compared with other bars; and arrive at a determination as to whether the

Real Strawberry Fruit Bars had false or misleading labels, or otherwise contained fruits of poorer quality from the perspective of consumers.[7] *See* Dkt. No. 1 at 11-14 ¶¶ 1-17. Though such factual determinations would involve interpreting the FDCA and regulations promulgated thereunder, the same would likely only lead to resolution of this controversy. *See DailyPay*, 2025 WL 2695712, at *7 (finding that a case applying the Consumer Financial Protection Act to a particular set of facts was the type of fact-bound inquiry that is not sufficiently substantial); *see also Sunvestment*, 116 F.4th at 116-17 (finding the substantiality requirement was "not met" where a court's decision would turn on, among other things, the practices of a particular utility company).

Additionally, as Plaintiff contends, neither party is seeking to challenge the actions of the U.S. Food and Drug Administration or the Federal Trade Commission, which weighs against a finding of substantiality. Dkt. No. 10 at 10; *see AMTAX Holdings 227*, 136 F.4th at 39 (noting the importance to the federal system, and thus, substantiality, of actions challenging federal agencies or regulations); *see also Empire Healthchoice Assurance*, 547 U.S. at 700.

Defendant cites *Broder* for the mistaken proposition that a federal issue is substantial and warrants an exercise of federal question jurisdiction, so long as it is "not clearly insubstantial." 418 F.3d at 195; *see* Dkt. No. 14 at 17. However, since *Broder*, the Second Circuit has clarified that substantiality "typically exists only in those exceptional cases that go beyond the application

---

[7] As stated in *Ackerman*,

> In order to show that Plaintiff is entitled to relief for a violation of New York General Business Law ("GBL") § 349, relating to deceptive business practices, or § 350, relating to false advertising, a plaintiff must show: (1) that the act, practice, or advertisement was consumer-oriented; (2) that the act, practice, or advertisement was misleading in a material respect, and (3) that the plaintiff was thereby injured. *See Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000) (§ 349); *Horowitz v. Stryker Corp.*, 613 F. Supp.2d 271, 287 (E.D.N.Y. 2009) (§ 350) (citation omitted).

2010 WL 2925955, at *22.

of some federal law raised in connection with state-law claims and instead implicate broad consequences to the federal system or the nation as a whole." *Sunvestment*, 116 F.4th at 115 (citing *Gunn*, 568 U.S. at 263-64); *see also AMTAX Holdings 227*, 136 F.4th at 39 (holding that a federal issue is substantial if it raises issues of law that can affect the cases of other litigants besides the parties in this case); *Tantaros*, 12 F.4th at 145 (finding that a case would "be substantial if it is 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous [similar] cases'").

Defendant further contends that this case will compel the court to "review, construe and apply various general and specific, interconnected regulations of [the FDCA's] complex federal regulatory scheme," thus increasing its importance to the federal system and its substantiality. *See* Dkt. No. 14 at 18. But "absent special circumstances,[] there is no federal question jurisdiction over garden-variety state-law claims 'resting on federal mislabeling and other statutory violations.'" *Caggiano v. Pfizer, Inc.*, 384 F. Supp. 2d 689, 691 (S.D.N.Y. 2005) (finding no federal question jurisdiction, despite plaintiffs' expressed intention to have a state court determine whether "certain federal law violations constitute negligence *per se* under state law.") (citing *Grable*, 545 U.S. at 319). Additionally, the argument that federal question jurisdiction is necessary to promote uniformity in interpretation of the standards created by the FDCA has been "specifically rejected by the Supreme Court in *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 815-16 (1986)." *Id.* at 691 n.2.

Furthermore, Defendant's contention that Congress's decision, via the FDCA, "to impose uniform, national requirements, to be dictated by a federal agency, which cannot be upset or disturbed by any competing state law, 21 U.S.C. § 343-1(a)(2)[,]" compels a finding of substantiality, *see* Dkt. No. 14 at 18, is without merit and undermined by the FDCA's lack of a

private cause of action. To be sure, "since *Merrell Dow*[,] the Supreme Court has clarified that the absence of a federal cause of action is a factor relevant to, but not dispositive of, the question of whether a federal law dispute raised by a state law claim can properly be deemed substantial." *NASDAQ OMX Grp.*, 770 F.3d at 1028 (citing *Grable*, 545 U.S. at 310, 318). Nevertheless, in *Merrell Dow*, the absence of a federal cause of action was held to be probative of whether federal question jurisdiction was intended at all. *See* 478 U.S. at 812 ("The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated."). Here, the dearth of a federal private cause of action suggests that this case lacks importance "to the federal system as a whole[,]" and thus, substantiality, and the exclusivity of federal standards, as adopted by the states, does not alter this conclusion. *See Gunn*, 568 U.S. at 260; *Pritika v. Moore*, 91 F. Supp. 3d 553, 559 (S.D.N.Y. 2015) ("[T]he missing cause of action [is seen] not as a missing federal door key, always required,[] but as a missing welcome mat, required . . . when exercising federal jurisdiction over a state [claim] would . . . attract[] a horde of original filings and removal cases raising other state claims with embedded federal issues.") (quoting *Grable*, 545 U.S. at 318); *see also Merrell Dow*, 478 U.S. at 815-16; 21 U.S.C. § 343–1(a)(5).

Accordingly, the undersigned finds that Plaintiff's claims are not sufficiently substantial under *Grable-Gunn* to justify federal question jurisdiction.

### D. The Fourth *Grable-Gunn* Factor

Although it is not necessary for the undersigned to consider the remaining *Grable-Gunn* factor in light of the above, he will do so for the sake of completeness. The fourth *Grable-Gunn* factor is that "the claim must be one "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314; *see also Gunn*, 568 U.S. at 264 (*Grable*'s fourth requirement "is concerned with the

appropriate "balance of federal and state judicial responsibilities."). The Supreme Court in *Gunn* added that "in the absence of a substantial federal issue, '[i]t follows' that exercise of federal jurisdiction over a state claim would disrupt the [appropriate federal and state balance]." *Link Motion*, 103 F.4th at 916 (quoting *Gunn*, 568 U.S. at 264). Courts typically look to "the nature of the claim, the traditional forum for such a claim, and the volume of cases that would be affected." *AMTAX Holdings 227*, 136 F.4th at 40 (quoting *Jacobson*, 824 F.3d at 316) (the "*Jacobson*" factors).

In arguing for remand, Plaintiff argues that the "misbranding" and "adulteration" alleged in the complaint is "of peculiarly local concern," and falls within the ambit of a state's traditional police powers. *See* Dkt. No. 10 at 9. Defendant, alternatively, cites *Broder* for the idea that allowing federal courts to adjudicate GBL § 349 claims that turn on federal law standards preserves the federal-state balance. *See* Dkt. No. 14 at 21 (citing *Broder*, 418 F.3d at 196). Additionally, Defendant suggests that Plaintiff's counsel drives most of the litigation in this field, thus, any decision to hear this case in federal court would not meaningfully affect food labeling litigation. *Id*. at 21.

Despite the lack of a substantial federal issue, as outlined *supra*, the undersigned will consider the *Jacobson* factors to determine if exercising federal jurisdiction would upset the balance between federal and state judiciaries. *Gunn*, 586 U.S. at 264; *Jacobson*, 824 F.3d at 316. Looking first at the nature of the claim, Plaintiff's cause of action comes from the New York General Business Laws, *see* Dkt. No. 1 at 25-27 ¶¶ 75-90, and though its resolution would require interpretation of federal law, state courts are competent to do so. *See Tantaros*, 12 F.4th at 146 (finding state courts competent to apply the Federal Arbitration Act); *but see State ex rel. Am. Advisory Servs., LLC v. Egon Zehnder Int'l, Inc.*, 592 F. Supp. 3d 183, 211 (S.D.N.Y. 2022)

(finding that Tax Bar to the federal False Claims Act demonstrates a clear legislative preference to leave discretion to pursue tax violations to the IRS and denying remand to state court).

Here, the relevant federal law clearly allows for parallel state enforcement, as evidenced by Congress's refusal to preempt state regulations that mirror the federal standard. *See* 21 U.S.C. § 343-1(a)(2); *Ward v. Pepperidge Farm, Inc.*, 773 F. Supp. 3d 10, 23 (S.D.N.Y. 2025) (finding that federal regulations for food labeling do not preempt parallel state laws). Despite Congress's passage of the FDCA and the federal government's exclusive authority over such regulations, *see* 21 U.S.C. § 343-1(a)(2), Plaintiff's cause of action for violation of GBL §§ 349 and 350 is "formulated as [a] state law claim[] frequently resolved by New York State courts." *See Barone*, 372 F. Supp. 3d at 159. This accordingly weighs against federal question jurisdiction.

Moreover, because such claims are not preempted, New York state courts have long heard cases regarding the adulteration and/or misleading labeling of foods. *See, e.g., Animal Legal Def. Fund, Inc. v. Aubertine*, 119 A.D.3d 1202, 1203 (3d Dep't 2014) ("Petitioners seek, among other things, a declaration that force-fed foie gras[] is an adulterated food product."); *Langiulli v. Bumble Bee Seafood, Inc.*, 604 N.Y.S.2d 1020, 1021 (Sup. Ct. West. Cnty. 1993) ("It is apparent to this Court that the thrust and intent of these [AGM] sections is to prohibit the sale of impure or contaminated products . . . ."); *People v. Coney Island Soda Water Co.*, 256 N.Y.S. 639, 639 (1st Dep't 1932) (addressing a case involving the "true fruit flavors" of a product); *People v. Wyman*, 226 A.D. 220, 222 (4th Dep't 1929) (finding that a liquid labeled as "Cherry Soda" that contained no cherry fruit flavor was mislabeled); *People v. Durkee*, 189 A.D. 276, 278 (3rd Dep't 1919) (holding that a sauce sold under a "secret formula" that contained no dangerous ingredients was not adulterated); *People v. Park*, 60 A.D. 255, 258 (1st Dep't 1901) (finding that a beverage sold as lemonade that contained no lemon juice and instead contained inferior and cheaper fruits was

adulterated). These cases indicate a federal acceptance of New York's regulatory regime and that similar adulteration and mislabeling cases may be handled in state court. Accordingly, finding no federal question jurisdiction here "would not materially affect, or threaten to affect, the normal currents of litigation." *Grable*, 545 U.S. at 319.

To consider the volume of cases that would be affected, it is worth considering Defendant's assertion that Plaintiff's counsel has brought myriad mislabeling and adulteration cases in federal and state court. Dkt. No. 14 at 21-22. Neither party puts forward an argument about how this case could affect future cases of this type, but Plaintiff's choice of forum was made intentionally, and the Court will respect this choice of forum here. *See In re Lehman Bros. Holdings Inc.*, 594 B.R. 33, 73 (Bankr. S.D.N.Y. 2018); *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 n.6 (2013).

Though the lack of substantiality alone counsels against the exercise of federal jurisdiction here, the *Jacobson* factors also suggest that remanding the case to state court will preserve the federal-state judicial balance and respect both Congress's legislative decisions and Plaintiff's original choice of forum. *Gunn*, 568 U.S. at 264; *Jacobson*, 824 F.3d at 316.[8]

---

[8] In her reply memorandum of law, Plaintiff asserts, for the first, time, that she is entitled to an award of attorneys' fees and "just costs" because Defendant removed this case to federal court without an objectively reasonable basis for doing so. *See* Dkt. No. 15 at 11 (citing *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011)). Plaintiff points to the lack of a federal claim in her Complaint as evidence of the removal's allegedly unreasonable nature. *Id*.

As a preliminary matter, Plaintiff has waived this argument, and thus, her claim to attorneys' fees and costs, by failing to raise the same in her opening memorandum. *See Tutor Time Learning Ctrs., LLC v. GKO Grp*., Inc., No. 13-CV-2980 (JMF), 2013 WL 5637676, at *1 (S.D.N.Y. Oct. 15, 2013) ("arguments raised for the first time in a reply memorandum are waived and need not be considered."); *see also, e.g., Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010). Additionally, *Calabro v. Aniqa Halal Live Poultry Corp.*, cited by Plaintiff, is inapposite, as that case was removed on the basis of federal question jurisdiction arising from a federal claim posed in a third-party complaint. *See* 650 F.3d 163, 166 (2d Cir. 2011). Here, Defendant removed on the basis of purported federal question jurisdiction based on Plaintiff's complaint, *see* Dkt. No. 1, which is not objectively unreasonable for lack of compliance with this Circuit's "well-pleaded complaint rule." *See Barone*, 372 F. Supp. 3d at 146 ("In determining whether removal based upon federal question jurisdiction is proper, the 'well-pleaded complaint rule'

## IV. <u>Conclusion</u>

Accordingly, the undersigned respectfully recommends that the Court grant Plaintiff's motion to remand this case to the Supreme Court of the State of New York, Kings County.

A copy of this Report and Recommendation is being electronically served on counsel. Any objections to this Report and Recommendation must be filed within fourteen days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Garaufis. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: Brooklyn, New York
November 15, 2025

**SO ORDERED.**

*/s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge

---

typically governs, which requires a court to consider only allegations in the complaint and not matters raised by the defendant in defense.") (citation omitted).

Accordingly, Defendant's removal of this action on the basis of federal question jurisdiction was not objectively unreasonable, and the undersigned will not recommend the award of attorneys' fees and costs to Plaintiff.