UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUSAN PERKINS, individually and on behalf of all others similarly situated,

                        Plaintiff,

          -against-

PIM BRANDS USA INC.,

                    Defendant.

**MEMORANDUM & ORDER**

**25-CV-2280 (NGG) (JAM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Susan Perkins ("Plaintiff") initiated this putative class action against Defendant PIM Brands, Inc. ("Defendant") in the Supreme Court of the State of New York, Kings County.[1] (Verified Complaint ("Compl.") (Dkt. 1 at ECF p.11).) Plaintiff brings one cause of action against Defendant for engaging in deceptive business practices in violation of the New York General Business Law ("N.Y. GBL") and seeks actual damages and discretionary attorneys' fees authorized by that law. (*Id.* at ECF pp.25-28 ¶¶ 75-90, 28 ¶¶ 1-4.) Plaintiff alleges that the packaging of Defendant's Real Strawberry Fruit Bars ("Fruit Bars"), (*id.* at ECF p.14 ¶ 17), tricked her and others similarly situated into paying higher prices than they otherwise would have had they known that the "main fruit ingredient was not strawberries," (*id.* at ECF p.27 ¶ 84).[2]

---

[1] Defendant identifies as "Promotion in Motion, Inc. d/b/a PIM Brands, Inc." and states that it was "improperly sued as PIM Brands USA, Inc." (Not. of Removal (Dkt. 1) at ECF p.1.)

[2] When quoting the parties' submissions, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations, as well as any additions of emphasis, are adopted. The same is true when quoting cases.

1

Defendant removed Plaintiff's case to this court, asserting that subject-matter jurisdiction exists under the federal-question statute, 28 U.S.C. § 1331. Thereafter, Plaintiff filed a motion to remand and also sought "a hearing for just costs" pursuant to 28 U.S.C. § 1447. (Pl.'s Not. of Mot. to Remand ("Pl.'s Not. of Mot.") (Dkt. 9) at 1; Pl.'s Mot. to Remand ("Pl.'s Mot.") (Dkt. 10) at 8 (same).)

Pending before the court is Plaintiff's fully briefed motion to remand this action to state court and to award attorneys' fees and costs. (Pl.'s Mot.; Def.'s Opp. (Dkt. 14); Pl.'s Reply (Dkt. 15).) The court referred the motion to Magistrate Judge Joseph A. Marutollo for a report and recommendation. (Order Referring Mot. Dated 10/14/2025.) Thereafter, Judge Marutollo issued the annexed Report and Recommendation ("R&R"), recommending that Plaintiff's motion to remand be granted and that her request for attorneys' fees be denied. (R&R (Dkt. 19) at 1-2, 19-20 & n.8.)

For the reasons set forth below, the R&R is ADOPTED IN PART and REJECTED IN PART. The court ADOPTS Judge Marutollo's first recommendation to grant Plaintiff's motion to remand, albeit for different reasons. The court respectfully REJECTS Judge Marutollo's second recommendation and AWARDS Plaintiff attorneys' fees and costs under 28 U.S.C. § 1447. Accordingly, the case is REMANDED to the Supreme Court of the State of New York, Kings County and the calculation of attorneys' fees and costs is respectfully REFERRED to Judge Marutollo for a report and recommendation.[3]

---

[3] *See Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005) ("[W]e hold that a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued."); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009) (summary order) ("Attorneys' fee determinations are considered 'dispositive' for purposes of Rule 72 of the Federal Rules of Civil Procedure.") (citing *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008)).

## I.   BACKGROUND

The court assumes familiarity with the underlying facts, which are detailed in the annexed R&R, at 1-5. Therefore, the court provides a summary of only the pertinent facts and procedural history here.

### A.   Factual Allegations

Plaintiff alleges that Defendant's "packaging and labeling" of the Fruit Bars materially misled her and others similarly situated in two ways: (1) by "caus[ing] purchasers to expect" that the Fruit Bars are "made only from strawberries," when they are allegedly made from strawberries, apples, and grapes; and (2) by conveying (including through the use of "pictures of ripe strawberries") that the Fruit Bars are at least made from "a predominant and/or relatively significant amount of strawberries," when strawberries are, allegedly, the smallest fruit component. (Compl. at ECF p.26 ¶ 83.)

As a result of the "false and misleading representations and omissions" on the Fruit Bars' packaging, Plaintiff claims that Defendant sells the Fruit Bars at a "premium price" that is "higher" than what the Fruit Bars "would be sold for" if the fruit ingredients "were represented in a non-misleading way," and that she (and others) "suffered economic damages" by payment of this premium price. (*Id.* at ECF pp.19 ¶ 38, 27 ¶ 88.)

### B.   Procedural History

Plaintiff commenced this action in state court on February 5, 2025. Defendant removed the case to this court on April 24, 2025. On April 27, 2025, Plaintiff filed her motion to remand—the motion at issue here.

After receiving the parties' briefs, the court referred the motion to Judge Marutollo for a report and recommendation on October 14, 2025.

## C.   Report and Recommendation

By report and recommendation dated November 15, 2025, Judge Marutollo recommended that this court grant Plaintiff's motion to remand because he concluded "that no federal question jurisdiction exists" over this case. (R&R at 6, 20.) He did not recommend an award of attorneys' fees and costs to Plaintiff. (*Id.* at 19-20 n.8.)

No party has objected to the R&R, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). (*See also* R&R at 20 ("Any objections to this [R&R] must be filed within fourteen days after service of this [R&R]. . . . Failure to file objections within this period . . . waives the right to appeal the district court's order.") (internal citations omitted).)

## II.   LEGAL STANDARDS

### A.   Standard of Review

In reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections have been made, the district court reviews the report and recommendation "only for clear error." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (citing Fed R. Civ. P. 72(b) advisory committee's note to 1983 amendment). Clear error is "found only when, upon review of the entire record, the [c]ourt is left with 'the definite and firm conviction that a mistake has been committed.'" *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 180 (E.D.N.Y. 2025) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

### B.   Substantive Law

The federal removal statute, 28 U.S.C. § 1441, authorizes a defendant to remove a case "commenced in state court . . . to

4

federal district court, if the case could have been brought there originally." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441); *see also City of New York v. Exxon Mobil Corp. (Exxon)*, 154 F.4th 36, 40 (2d Cir. 2025) (same). "The removal statute must be construed narrowly, resolving any doubts against removability." *Exxon*, 154 F.4th at 40 (citing *State by Tong v. Exxon Mobil Corp. (Tong)*, 83 F.4th 122, 132 (2d Cir. 2023)).

After a defendant removes a case to federal court, the plaintiff "may seek to remand the case back to state court." *Id.* (citing 28 U.S.C. § 1447). But, as the party asserting federal jurisdiction, "the defendant always has the burden of establishing that removal is proper." *Id.* at 40-41 (quoting *Tong*, 83 F.4th at 132).

The statute also provides for the award of attorneys' fees: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Exxon*, 154 F.4th at 46 (same). The standard for awarding such fees "turn[s] on the reasonableness of the removal." *Martin*, 546 U.S. at 141; *see also Exxon*, 154 F.4th at 47 (same).

## III. DISCUSSION

The court has reviewed the unopposed R&R for clear error. Having carefully considered the R&R and the record, the court adopts the R&R in part and respectfully rejects the R&R in part.

### A. Plaintiff's Motion to Remand

Judge Marutollo found that the court lacks jurisdiction over Plaintiff's claim and thus recommended granting Plaintiff's motion to remand. The court agrees with this recommendation, but for somewhat different reasons, and on two additional grounds.

For the reasons explained below, no federal-question jurisdiction exists over this case for four independent (and sufficient) reasons.

### 1.    The *Grable-Gunn* Requirements

"The federal-question statute provides that 'the district courts shall have original jurisdiction of all civil actions arising under the laws of the United States.'" *Tong*, 83 F.4th at 132 (quoting 28 U.S.C. § 1331). A court's analysis of whether a case "arises under" federal law is guided by the "century-old jurisdictional framework governing removal of federal question cases from state into federal courts"—the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-92 (1987); *see also Tong*, 83 F.4th at 132 (same). Under that rule, federal-question jurisdiction does not exist "if the complaint does not affirmatively allege a federal claim." *Tong*, 83 F.4th at 132 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). In this context, a federal claim means a "cause of action created by federal law." *Id.* at 133 (quoting *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016)). The "principal effect" of the well-pleaded complaint rule is to "'make the plaintiff the master of the claim,' meaning that—subject to certain exceptions—plaintiffs 'may avoid federal jurisdiction by exclusive reliance on state law.'" *Id.* at 132 (quoting *Caterpillar*, 482 U.S. at 392); *accord Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("The plaintiff is the master of the complaint, and therefore controls much about her suit. She gets to determine which substantive claims to bring against which defendants. And in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction.").

Here, the Complaint does not "affirmatively allege" a "federal claim." *Tong*, 83 F.4th at 132, 133. Instead, Plaintiff's sole cause of action "exclusively rel[ies] on state law." *Id.* at 133 (quoting *Caterpillar*, 482 U.S. at 392). As a result, Defendant can establish

6

federal-question jurisdiction "only by demonstrating that [Plaintiff]'s suit falls within an exception to the well-pleaded complaint rule." *Id.*

While there are "certain exceptions" to the well-pleaded complaint rule, the Second Circuit has determined that only "three situations exist in which a complaint that does not allege a federal cause of action may nonetheless 'arise under' federal law for purposes of subject-matter jurisdiction." *Id.* (emphasis omitted) (first quoting *Beneficial*, 539 U.S. at 6; and then quoting *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014)). Those exceptions are: "(1) if Congress expressly provides, by statute, for removal of state-law claims; (2) if the state-law claims are completely preempted by federal law; and (3) in certain cases if the vindication of a state-law right necessarily turns on a question of federal law." *Id.* Each exception is "tightly circumscribed." *Id.*

Defendant asserts that the court has subject-matter jurisdiction under the third exception. (Not. of Removal at ECF pp.4-7 ¶¶ 12-23; Def.'s Opp. at 11-17.) Thus, whether Defendant properly removed this case, turns on whether the Complaint asserts "the vindication of [a] state-law right [that] necessarily turns on a question of federal law." *Tong*, 83 F.4th at 139 (quoting *Fracasse*, 747 F.3d at 144).

To determine whether this action is among the "special and small category of cases" that fall within the third exception, a court must follow the framework set forth by the Supreme Court in *Grable* and later streamlined in *Gunn*—the so-called *Grable-Gunn* test.[4] *Tong*, 83 F.4th at 135 n.1, 140-41. Under this framework,

---

[4] In *Grable*, the Supreme Court established that the existence of "a cause of action created by federal law" is not a "necessary condition" for federal-question jurisdiction under 28 U.S.C. § 1331 or for removal jurisdiction under 28 U.S.C. § 1441(a). 545 U.S. at 312; *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005). Instead, the Court held that, properly

"federal jurisdiction over a state law claim will lie if," and only if, "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)); *see also Tong*, 83 F.4th at 141 (same). "All four requirements must be met." *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 115 (2d Cir. 2024) (citing *Gunn*, 568 U.S. at 258); *see also AMTAX Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 38 (2d Cir. 2025) (same).

To satisfy the first *Grable-Gunn* requirement, the defendant must show that a federal issue is a "necessary element" of the plaintiff's state claim. *Tong*, 83 F.4th at 140. To meet the second, the defendant must show that the federal issue is the "only" or "central" point in dispute. *Grable*, 545 U.S. at 315; *Gunn*, 568 U.S. at 259; *see also Jacobson*, 824 F.3d at 316 (same). The third requirement demands that the "federal issue be important to the federal system as a whole," *AMTAX*, 136 F.4th at 39 (citing *Gunn*, 568 U.S. at 260-64), and requires the defendant to show that the federal issue is neither "fact-bound" nor "situation-specific," *id.* (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)). Finally, to meet *Grable-Gunn*'s fourth requirement, the defendant must show that "the nature of the [state] claim, the traditional forum for such a claim, and the volume of cases that would be affected" by the case demonstrate that a federal court's

---

framed, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314; *see also Broder*, 418 F.3d at 194 (same). In *Gunn*, the Court further clarified this standard and established the so-called *Grable-Gunn* test for "federal jurisdiction over a state law claim." 568 U.S. at 258 (citing *Grable*, 545 U.S. at 313-14).

8

adjudication of the claim would not "disturb the accepted balance of state and federal responsibilities." *Id.* at 40 (quoting *Jacobson*, 824 F.3d at 316).

Although Judge Marutollo recognized that "jurisdiction is proper under *Grable-Gunn only* where 'all four of these requirements are met,'" (R&R at 8 (emphasis in original) (quoting *AMTAX*, 136 F.4th at 38)), he then appeared to treat *Grable-Gunn* as a balancing test by examining "each of the *Grable-Gunn* factors," (*id.* at 8), and deciding whether a particular *Grable-Gunn* requirement "weighs" in favor of or against removal, (*id.* at 12 n.6, 18). The court respectfully rejects these aspects of the R&R because controlling precedent unequivocally proscribes that approach.[5]

Judge Marutollo first found that Plaintiff's claim "necessarily raised" a federal issue because paragraph 81 of the Complaint alleges that Defendant's "packaging and labeling of the [Fruit Bars] violated the [Federal Trade Commission Act ("FTC Act")], thereby violating the [N.Y.] GBL." (R&R at 8, 9 (quoting Compl. at ECF p.26 ¶ 81).) Relying on this allegation, Judge Marutollo concluded that Plaintiff's N.Y. GBL claim "appears predicated on a violation of federal law, namely, the [FTC Act]," such that "at this stage in the litigation, the first *Grable-Gunn* [requirement] is satisfied." (*Id.* at 9, 10.) The court respectfully rejects this finding because it overlooks the three "necessary elements" of Plaintiff's claim. *Tong*, 83 F.4th at 142. As explained below, whether Defendant violated the FTC Act is not a "necessary element" of

---

[5] In *AMTAX*, the Second Circuit observed that some of its prior decisions had, incorrectly, "used language suggesting that the *Grable-Gunn* test involves 'factors' to be 'weighed,' rather than required elements to be met." 136 F.4th at 38 n.6 (first quoting *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 917 (2d Cir. 2024); and then citing other examples). It then observed that since the Supreme Court's 2013 opinion in *Gunn*, "[the] Court has made clear that jurisdiction is proper under *Grable-Gunn only* 'where *all four of these requirements* are met.'" *Id.* (quoting *Gunn*, 568 U.S. at 258).

9

Plaintiff's N.Y. GBL claim, and thus, the first *Grable-Gunn* requirement is not met. *Id.* at 140. Second, Judge Marutollo found that a federal issue is "actually disputed" because "Plaintiff's contention that Defendant 'misbranded' and 'adulterated' its [Fruit Bars] in violation of the [Federal Food, Drug, and Cosmetic Act ("FDCA")], as adopted by the [New York Agriculture and Markets Law ("N.Y. AGM")], comprises an essential component of Plaintiff's claim," meaning that Plaintiff "cannot prevail" without proving that Defendant violated the FDCA.[6] (R&R at 11.) The court respectfully rejects this finding because, as explained below, whether Defendant violated the FDCA does not qualify as a "central point of dispute." *Gunn,* 568 U.S. at 259. Third, Judge Marutollo found that the Complaint does not raise a "sufficiently substantial" federal issue to "justify federal question jurisdiction." (R&R at 15.) Having found no clear error in Judge Marutollo's substantiality analysis, the court adopts this finding. *See Sunvestment,* 116 F.4th at 115 ("[A] substantial federal issue typically exists only in those exceptional cases that go beyond the application of some federal law raised in connection with state-law claims and instead implicate broad consequences to the federal system or the nation as a whole."). Finally, Judge Marutollo found that given the absence of a "substantial" federal issue, "remanding the case to state court will preserve the

---

[6] The court clarifies that whether a plaintiff can "prevail" on the state claim without proving a defendant's violation of federal law goes to the first— not the second—*Grable-Gunn* requirement. *See Broder,* 418 F.3d at 195 (concluding that the first *Grable-Gunn* requirement is "clearly met" because the plaintiff "cannot obtain the declaratory judgment he seeks, stating in part that [the defendant] violated 47 U.S.C. § 543(d), without prevailing on the issue of whether [the defendant] in fact violated 47 U.S.C. § 543(d)"); *see also Tong,* 83 F.4th at 140 ("[I]f a court could resolve the case without reaching the federal issues, then the claims do not necessarily raise a federal issue."). And, as explained below, Plaintiff *can* prevail on her N.Y. GBL claim without proving Defendant's violation of the FDCA. *Infra* Section III.A.2.

10

federal-state judicial balance." (R&R at 17, 19.) Having found no clear error with this reasoning, the court adopts Judge Marutollo's finding that the fourth *Grable-Gunn* requirement is not met. *See Link Motion*, 103 F.4th at 916 ("[A]s the Supreme Court has stated, in the absence of a substantial federal issue, . . . exercise of federal jurisdiction over a state claim would disrupt the 'appropriate balance of federal and state judicial responsibilities.'") (quoting *Gunn*, 568 U.S. at 264).

2.    The First *Grable-Gunn* Requirement

The court concludes that the first *Grable-Gunn* requirement is not satisfied because the purported federal issues are not "necessary elements" of Plaintiff's N.Y. GBL claim. *Tong*, 83 F.4th at 142.

Plaintiff asserts that no federal issue is "necessarily raised" because "no judicial interpretation of federal law is required" to adjudicate her N.Y. GBL claim and because she "does not seek any . . . finding from the [s]tate [c]ourt that [Defendant] violated the [FDCA] or [FTC Act]." (Pl.'s Mot. at 3.)

In the Notice of Removal, Defendant asserted that Plaintiff's claim "is presented" as a violation of the N.Y. GBL, but that the "substance of the claim reveals that the purported [N.Y.] GBL claim is predicated upon alleged violations of the [FTC Act]." (Not. of Removal at ECF p.3 ¶ 8 (citing Compl. at ECF pp.25 ¶ 79, 26 ¶ 81).) That is, at the time of removal, Defendant argued that the Complaint "necessarily raises" a federal issue because Plaintiff's N.Y. GBL claim is "premised" on violations of the FTC Act. *Tong*, 83 F.4th at 140. However, in its opposition to Plaintiff's motion to remand, Defendant appears to have abandoned this argument. (*See* Def.'s Opp. at 7-12.) Now, Defendant argues that the first *Grable-Gunn* requirement is met because Plaintiff's N.Y. GBL claim "necessarily turn[s] on the adjudication" of the definitions and interpretations of the terms "adulteration" and "misbranding" under the FDCA and related federal guidance. (*Id.*

11

at 7, 11; *see also* Not. of Removal at ECF p.5 ¶ 14 (same).) According to Defendant, "Plaintiff seeks to premise this necessary element"—Defendant's alleged commission of a "deceptive act" under the N.Y. GBL—"on a purported failure by [Defendant] to comply with the controlling rules, and implementing regulations, of the FDCA." (Def.'s Opp. at 8.) In support of this argument, Defendant asserts that "[e]*very single* allegation of deception in the Complaint is alleged to arise by reason of [Defendant]'s purported violation of a specifically enumerated provision of the FDCA."[7] (*Id.* at 2; *see also id.* at 1, 9-10 (same).)

In response, Plaintiff does not dispute that she describes the FDCA and its requirements in her Complaint but claims that these references serve "merely [to] inform the content of classically state-law duties" and that they are "only one of multiple theories that could support [her] claim." (Pl.'s Reply at 6.)

"For a federal issue to be necessarily raised, the mere *presence* of a federal issue in a state cause of action is insufficient; the pertinent question of federal law must be a *necessary element* of one of the well-pleaded state claims." *Tong,* 83 F.4th at 140 (quoting *City of Rome v. Verizon Comms., Inc.,* 362 F.3d 168, 176 (2d Cir. 2004)). Thus, to meet its burden on the first *Grable-Gunn* requirement, a defendant "must point to a necessary element of proving liability under [the plaintiff's state-law claim], that is affirmatively premised on [the defendant's] violation of—and could not be resolved without applying—the federal [law]." *Id.* Therefore, the court's analysis of the first *Grable-Gunn* requirement "must start by determining what exactly the necessary

---

[7] Given Defendant's apparent abandonment of the argument that Plaintiff's N.Y. GBL claim "is predicated" on "alleged violations of the [FTC Act]," (Not. of Removal at ECF p.3 ¶ 8), the court focuses the following discussion on the federal issue identified in Defendant's opposition to Plaintiff's motion to remand—that is, Defendant's "purported violation[s] of . . . the FDCA," (Defs.' Opp. at 2).

elements of [the plaintiff's] well-pleaded state claims *are*." *Id.* (quoting *City of Rome*, 362 F.3d at 176).

Plaintiff brings one cause of action under Sections 349 and 350 of the N.Y. GBL.[8] (Compl. at ECF pp.25-28 ¶¶ 75-90.) Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. GBL § 349. Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. GBL § 350. Despite the differences in their statutory language, the two sections employ the same test. "To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. 2012)).

Plaintiff's state claim centers around the allegation that Defendant has misled and deceived New York consumers about the Fruit Bars' fruit contents. (Compl. at ECF p.26 ¶ 83.) Accordingly, Plaintiff pleads the elements of a N.Y. GBL claim by alleging that Defendant's (1) packaging and labeling of the Fruit Bars involve "false and deceptive representations and omissions" that are

---

[8] The "scope" and "essential elements" of Sections 349 and 350 are "the same." *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020) (collecting cases); *see also Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324, n.1 (N.Y. 2002) ("The standard for recovery under [N.Y. GBL] § 350, while specific to false advertising, is otherwise identical to [S]ection 349."). As a result, New York courts consider Section 349 and 350 claims together and have long treated them as one cause of action. *See Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 352 (S.D.N.Y. 2014); *B.S.L. One Owners Corp. v. Key Int'l Mfg., Inc.*, 225 A.D.2d 643, 644 (2d Dep't 1996) (concluding the "amended complaint stated a valid cause of action for deceptive practices pursuant to [N.Y. GBL] §§ 349 and 350").

(2) "material in that they [are] likely to influence consumer purchasing decisions" and that, (3) relying on such representations, she "paid more for the [Fruit Bars] than she would have, had she known strawberries were not the only, or even the main fruit ingredient." (*Id.* at ECF pp.22 ¶ 58, 25 ¶ 80.) Since all three of these allegations must be proven to establish Defendant's liability under Sections 349 and 350, *Koch*, 18 N.Y.3d at 941, each constitutes a "necessary element" of Plaintiff's N.Y. GBL claim for purposes of the *Grable-Gunn* test, *Tong*, 83 F.4th at 141 (quoting *City of Rome*, 362 F.3d at 176).

In this case, only the second, materially misleading, element is at issue. Defendant argues that "Plaintiff seeks to premise this necessary element of her claim[] on a purported failure by [Defendant] to comply with the controlling rules, and implementing regulations, of the FDCA." (Def.'s Opp. at 8.) According to Defendant, "every single allegation of deception alleged is premised, by Plaintiff, on purported violation, by [Defendant], of the FDCA or its implementing regulations." (*Id.* at 9-10; *see also id.* at 1, 2 (same).) In other words, Defendant argues that the necessary element of whether its packaging and labeling of the Fruit Bars is "materially misleading" under the N.Y. GBL is impossible to resolve without applying the FDCA.

Whether a challenged act or practice is "materially misleading" under the N.Y. GBL, is "governed by the reasonable consumer standard." *Bustamante v. KIND, LLC*, 100 F.4th 419, 426 (2d Cir. 2024); *see also Goshen*, 98 N.Y.2d at 324 ("[T]he allegedly deceptive acts, representations or omissions must be misleading to a reasonable consumer."). This standard is highly contextual and "limited to [deceptive acts and practices] likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (N.Y. 1995); *see also Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (per curiam) (observing

14

that in "determining whether a reasonable consumer would have been misled . . . context is crucial").

Given this standard, it is clear that even if Defendant were found *not* to have violated the FTC Act (as Defendant argued at the time of removal) or the Fruit Bars were found *not* to be "adulterated" or "misbranded" under the FDCA (as Defendant argues in opposition to Plaintiff's motion to remand), Defendant's "packaging and labeling" of the Fruit Bars *could still* amount to a "deceptive act or practice" under the N.Y. GBL because the packaging and labeling includes "a representation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances." *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 (N.Y. 1999). As alleged in the Complaint, for example, a court (or jury) could find that the packaging and labeling is likely to mislead a reasonable consumer by: (1) "caus[ing]" one "to expect" that the Fruit Bars are "made only from strawberries," when they are made from strawberries, apples, and grapes; (2) conveying that the Fruit Bars are at least made from "a predominant and/or relatively significant amount of strawberries," when strawberries are the Fruit Bars' smallest fruit component; or (3) both. (Compl. at ECF p.26 ¶ 83.) In other words, while the FDCA may define deception for purposes of that statute, and even though that definition may be incorporated into the N.Y. AGM, "deception" under the N.Y. GBL depends solely on what a "reasonable consumer"—not the U.S. Food and Drug Administration, not Congress, nor the New York State Legislature—finds misleading "under the circumstances." *Oswego*, 85 N.Y.2d at 26. As courts in this Circuit have made clear, violations of the FDCA are "not *per se* material misrepresentations under [S]ections 349 and 350," and the FDCA's implementing rules and regulations are "without consequence" when stating a claim under these sections. *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 189-90 (E.D.N.Y. 2018) (collecting cases); *Warren v. Whole Foods Mkt. Grp., Inc.*, 574 F. Supp. 3d 102, 113 (E.D.N.Y. 2021)

(same); *see also Steele v. Wegmans Food Markets, Inc.*, 472 F. Supp. 3d 47, 49-50 (S.D.N.Y. 2020) (concluding that in an action brought under Sections 349 and 350, "extensive discussion and argument . . . with respect to particular federal standards . . . is without consequence"). Thus, whether the Fruit Bars are "adulterated" or "misbranded" under the FDCA is a federal issue, but this issue is not a "necessary element" of Plaintiff's claim under the N.Y. GBL.

Neither is whether Defendant violated the FTC Act.[9] Although (at the time of removal) Defendant put much weight on Plaintiff's allegation that "[Defendant] violated the [FTC Act], thereby violating the [N.Y.] GBL," (Compl. at ECF p.26 ¶ 81; Not. of Removal at ECF p.3 ¶ 8), this allegation does not "necessarily raise" a federal issue because Plaintiff is wrong.[10] *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 127 (2d Cir. 2017). In any event, even if Plaintiff were correct, she could prove a violation of the N.Y. GBL without proving a violation of the

---

[9] That is not to say that the FTC Act plays no role. New York courts may examine the case law interpreting "deceptive acts" under the FTC Act as "guidelines" to inform the reasonable consumer analysis. *State by Lefkowitz v. Colorado State Christian Coll. of Church of Inner Power, Inc.*, 346 N.Y.S.2d 482, 488 (Sup. Ct. 1973); *see also Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004) (same). However, being "guided" by interpretations of federal law is not the same as being bound by them. Rather a court (state or federal) may—but is not required to—refer to the FTC Act for guidance in applying the "reasonable consumer" standard. *See, e.g., Braynina v. TJX Cos., Inc.*, No. 15-CV-5897 (KPF), 2016 WL 5374134, at *6 (S.D.N.Y. Sept. 26, 2016) (surveying FTC guidance for the "limited purpose of informing its 'reasonable consumer' analysis").

[10] For this reason, the court reads the allegations in the Complaint referencing the FTC Act, FDCA, and state and federal rules defining "adulterated" and "misbranded" food only as support for the allegation that Defendant's packaging and labeling of the Fruit Bars is "materially misleading" under the N.Y. GBL.

16

FTC Act.[11] Therefore, whether Defendant violated the FTC Act is not a "necessary element" of Plaintiff's state claim.

The "necessary elements" of Plaintiff's claim show that no federal issue is "necessarily raised." *Tong*, 83 F.4th at 142. Therefore, the *Grable-Gunn* exception to the well-pleaded complaint rule does not apply and the court lacks federal-question jurisdiction over this case.

### 3.    The Second *Grable-Gunn* Requirement

The court concludes that the second *Grable-Gunn* requirement is not satisfied because the purported federal issue is not a "central point of dispute." *Gunn*, 568 U.S. at 259.

Plaintiff argues that no federal issue is "actually disputed" because: (1) her sole cause of action can be proven only by reference to New York law; (2) this case "does not implicate the [FDCA's] validity"; and (3) she does not seek a judgment declaring that Defendant violated federal law. (*See* Pl.'s Mot. at 3, 6-8.)

Defendant's response, in its entirety, is as follows:

> [T]he federal issues raised by the Complaint are, and can be, the only issues in dispute in this litigation . . . because, under settled law, *if* [Defendant] has complied with the federal requirements of the FDCA set forth in the Complaint (it has),

---

[11] Cases finding that a N.Y. GBL claim was adequately alleged (or proven) under Sections 349 and 350 without reference to the FTC Act (or the FDCA) abound. *See, e.g., B.S.L. One*, 225 A.D.2d at 644; *Sims v. First Consumers Nat. Bank*, 758 N.Y.S.2d 284, 289-90 (1st Dep't 2003); *Lazaroff v. Paraco Gas Corp.*, 967 N.Y.S.2d 867 (Sup. Ct. 2011), *aff'd*, 945 N.Y.S.2d 326 (2d Dep't 2012); *Gaidon*, 94 N.Y.2d at 345-48; *Goshen*, 98 N.Y.2d at 326; *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 281 (S.D.N.Y. 2014); *Orlander*, 802 F.3d 289, 302 (2d Cir. 2015); *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500-01 (2d Cir. 2020).

*then* Plaintiff's state law claim(s) premised upon [Defendant]'s labeling of the Fruit Bar[s] would be preempted by the FDCA.

(Def.'s Opp. at 12.) That is, Defendant asserts that the federal issue is that Plaintiff's N.Y. GBL claim is "premised" on Defendant's allegedly deceptive "labeling of the Fruit Bar[s]" and that this claim is "preempted by the FDCA."[12] (*Id.*)

For a federal issue to be "actually disputed," *Grable*, 545 U.S. at 314, it must "qualif[y] as a 'central point of dispute' in [the] state action." *Link Motion*, 103 F.4th at 913 (quoting *Gunn*, 568 U.S. at 259). "[T]he meaning of [a] federal statute is actually in dispute" when it "appears to be the only legal or factual issue contested in the case." *Grable*, 545 U.S. at 315.

Whether Defendant complied with the FDCA is neither "the only" or "a central" issue in this case because each of the three necessary elements of Plaintiff's N.Y. GBL claim are disputed: (1) whether the packaging and labeling of the Fruit Bars involve "false and deceptive representations and omissions"; (2) whether such representations are "material in that they [are] likely to influence consumer purchasing decisions"; and (3) whether, Plaintiff "paid more for the [Fruit Bars] than she would have, had she known strawberries were not the only, or even the main fruit ingredient." (Compl. at ECF pp.22 ¶ 58, 25 ¶ 80.) And as discussed, each of these three necessary elements is one that a court could resolve without reaching the FDCA. *Supra* Section III.A.2.

---

[12] In its opposition to Plaintiff's motion to remand, Defendant identifies only one federal issue that is "actually disputed"—whether it complied with the "controlling rules, and implementing regulations, of the FDCA." (Def.'s Opp. at 8.) Therefore, the court focuses its analysis of the second *Grable-Gunn* requirement on this federal issue. That said, the following discussion and the conclusion that Defendant's compliance with the FDCA is not "actually disputed," applies to Defendant's alleged violation of the FTC Act as well.

18

The conclusion that a federal issue that is not "necessarily raised" is also not "actually disputed" makes sense because it stands to reason that something that is not a "necessary element" cannot be the "only" or "central" issue in dispute. *Grable*, 545 U.S. at 315; *Gunn*, 568 U.S. at 259. In fact, the finding that the federal issue is not a "necessary element" of the state claim sufficiently distinguishes Plaintiff's N.Y. GBL claim from others upon which courts have found that the federal issue was a "necessary element" and that the issue was "actually disputed." *See, e.g., Link Motion*, 103 F.4th at 912-13; *Broder*, 418 F.3d at 195.

Moreover, Defendant's federal preemption defense is unavailing. Whether Defendant has a valid preemption defense under the FDCA (for the reasons explained in the R&R, it does not) is insufficient to render this federal issue "actually disputed" for purposes of the *Grable-Gunn* test. Although Defendant's preemption defense could in theory be the "only" or "central" point in dispute, the Supreme Court has already decided that "a case may not be removed to federal court on the basis of a federal defense, *including the defense of preemption*, even if the defense is anticipated in the plaintiff's complaint, and *even if . . . the defense is the only question truly at issue in the case." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983) (emphases added). The Second Circuit has confirmed that an "affirmative federal preemption defense" is "entirely irrelevant" to the *Grable-Gunn* analysis because such a defense "certainly 'is not grounds for federal jurisdiction,'" *Tong*, 83 F.4th. at 140 n.6 (quoting *City of New York v. Chevron Corp.*, 993 F.3d 81, 94 (2d Cir. 2021)). Therefore, Defendant's purported FDCA defense is not—and cannot be—"actually disputed" under *Grable-Gunn*.

Here, the federal issue is not "actually disputed" because any "controversy" respecting the FDCA's meaning or effect is not the "only legal or factual issue contested in the case." *Grable*, 545 U.S. at 314-15. Thus, the second *Grable-Gunn* requirement is not

19

met, and the court lacks federal-question jurisdiction over this action.

* * *

As explained above, the court adopts Judge Marutollo's findings that the third and fourth *Grable-Gunn* requirements are not met. *Supra* Section III.A.1.

### B. Plaintiff's Motion for Attorneys' Fees and Just Costs

The court concludes that Plaintiff is entitled to attorneys' fees and costs under 28 U.S.C. § 1447(c).

In her motion to remand, Plaintiff requested that the court "set a hearing for just costs." (Pl.'s Mot. at 8; *see also* Pl.'s Not. of Mot. at 1 (same).) Defendant did not address Plaintiff's request in its opposition to her motion. (*See generally* Def.'s Opp.) In her Reply, Plaintiff renewed her request, arguing that Defendant's removal was "not objectively reasonable." (Pl.'s Reply at 7-8.)

Judge Marutollo did "not recommend the award of attorneys' fees and costs to Plaintiff," because he found that: (1) Plaintiff "waived this argument, and thus, her claim to attorneys' fees and costs, by failing to raise the same in her opening memorandum"; and (2) "Defendant removed on the basis of purported federal question jurisdiction based on Plaintiff's complaint, which is not objectively unreasonable for lack of compliance with this Circuit's 'well-pleaded complaint rule.'" (R&R at 19-20 n.8 (quoting *Barone v. Bausch & Lomb, Inc.*, 372 F. Supp. 3d 141, 146 (W.D.N.Y. 2019)).) The court respectfully disagrees with these findings and rejects the recommendation not to award attorneys' fees and costs to Plaintiff under Section 1447(c).

The federal statute governing the procedure after removal, 28 U.S.C. § 1447, provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Exxon,*

20

154 F.4th at 41 (quoting 28 U.S.C. § 1447(c)). Thus, when a plaintiff prevails on a motion to remand, the statute authorizes a court to award attorneys' fees and "just costs" incurred as a result of an improper removal to federal court. 28 U.S.C. § 1447(c). The standard for awarding these fees "turn[s] on the reasonableness of the removal." *Martin*, 546 U.S. at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* A basis for removal is "objectively reasonable" if the removing party had a "colorable argument that removal was proper." *Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22-CV-7787 (VM), 2023 WL 2366975, at *4 (S.D.N.Y. Mar. 6, 2023) (quoting *Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 683-84 (S.D.N.Y. 2017)); *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 407 (S.D.N.Y. 2014) (same).

Here, Defendant had one basis for removal—that federal-question jurisdiction exists under the *Grable-Gunn* exception to the well-pleaded complaint rule. (*See* Not. of Removal at ECF pp.4-7 ¶¶ 12-23 (stating that "this court has federal-question jurisdiction and removal is proper" under *Grable-Gunn*) (internal emphasis omitted); *see also* Def.'s Opp. at 7-16 (arguing that each *Grable-Gunn* requirement is met).)

As Defendant concedes, the *Grable-Gunn* test has four requirements, and federal-question jurisdiction exists only "[i]f each of these elements is met." (Def.'s Opp. at 7; *see also* Not. of Removal at ECF p.4 ¶ 13 (enumerating the four *Grable-Gunn* requirements).) Consequently, for Defendant's removal to be "objectively reasonable," *Martin*, 546 U.S. at 141, Defendant must have a "colorable argument," *Capital2Market*, 2023 WL 2366975, at *4, for why each *Grable-Gunn* requirement is satisfied. The presence of an "objectively reasonable" argument as to why one *Grable-Gunn* requirement is met is not sufficient to

demonstrate that removal was "proper" where Defendant does not have an "objectively reasonable" argument as to why another *Grable-Gunn* requirement is satisfied. *Exxon*, 154 F.4th at 50 (in reviewing a Section 1447(c) award, concluding that the presence of one "objectively reasonable" ground did not preclude the consideration of several meritless arguments that were contrary to established law).

As demonstrated, not one *Grable-Gunn* requirement is met in this case. In light of the foregoing discussion, the court concludes that on balance Defendant failed to assert an "objectively reasonable" basis for removal. For example, it was not "objectively reasonable" for Defendant to disregard the "necessary elements" of Plaintiff's N.Y. GBL claim or to overlook the extensive case law finding that these elements were met without reference to either the FTC Act or the FDCA. *See supra* Section III.A.2 & n.11. And, it was not "objectively reasonable" for Defendant to assert its purported federal preemption defense as a proper basis for removal. [13] *See supra* Section III.A.3; *Savino v. Savino*, 590 F. App'x 80, 81 (2d Cir. 2015) (summary order) (citing *Martin*, 546 U.S. at 141); *see also Gondolfo v. Town of Carmel*, No. 20-CV-9060 (CS), 2022 WL 19183, at *2 (S.D.N.Y. Jan. 3, 2022) (similar); *Long Island Roller Rebels v. Blakeman*, No. 24-CV-2721 (ARR) (LGD), 2024 WL 1793635, at *3 (E.D.N.Y. Apr. 25, 2024) ("Given the ample binding authority establishing that a federal counterclaim or defense cannot render removal proper, as well

---

[13] This is particularly true given that the Supreme Court has recognized that "*since 1887*, it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption . . . even if . . . the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14; *see also Tong*, 83 F.4th at 135-36 ("[The] Supreme Court has left no doubt that a case may not be removed to federal court, simply because the defendant may raise the defense of ordinary preemption."), 140 n.6 (observing that an "affirmative federal preemption defense" is "entirely irrelevant" to the *Grable-Gunn* analysis).

22

as defendants' apparent familiarity with this blackletter law, I find it difficult to view defendants' removal of this case as anything other than a delay tactic."). The Second Circuit has affirmed Section 1447(c) awards where, as in this case, the defendant attempted to evade *Grable-Gunn*'s requirements "by raising a federal question in its responsive pleadings and . . . attempting to remove on that basis." *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011).

As articulated above, many of Defendant's arguments for why this court has federal-question jurisdiction under *Grable-Gunn* "were plainly meritless." *Exxon*, 154 F.4th at 50. "Yet, the parties were required to litigate these claims," the court was "required to decide them," and this litigation "was multiplied and delayed." *Id.* Under these circumstances, the court finds it appropriate to require Defendant to pay just costs and any actual expenses, including attorneys' fees, incurred by Plaintiff as a result of removal.

## IV. CONCLUSION

For the above reasons, the R&R is ADOPTED IN PART and REJECTED IN PART. As articulated herein, the court finds that Defendant failed to meet the first and second *Grable-Gunn* requirements and agrees with Judge Marutollo that neither the third nor fourth *Grable-Gunn* requirements are met in this case. Accordingly, the court lacks jurisdiction over the case for four independent reasons. Therefore, the court GRANTS Plaintiff's motion to remand.

Given that Defendant's removal of this state action under *Grable-Gunn* was not "objectively reasonable," the court also GRANTS Plaintiff's request for attorneys' fees and costs, the calculation of which is REFERRED to Judge Marutollo for a report and recommendation.

23

The court hereby REMANDS this action to the Supreme Court of the State of New York, Kings County, pursuant to 28 U.S.C. § 1447(c). The court respectfully directs the Clerk of Court to send a certified copy of this Memorandum and Order to the Clerk of the Supreme Court of the State of New York, Kings County. The court retains jurisdiction over this action for the limited purpose of resolving Plaintiff's motion for fees and costs under Section 1447(c).

SO ORDERED.


Dated:      Brooklyn, New York
            February 25, 2026


                          s/Nicholas G. Garaufis
                          NICHOLAS G. GARAUFIS
                          United States District Judge

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SUSAN PERKINS, individually and on
behalf of all others similarly situated,

                       Plaintiff,

          v.

PIM BRANDS USA, INC.,

                     Defendant.

------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

25-CV-2280
(Garaufis, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On February 5, 2025, Plaintiff Susan Perkins, individually and on behalf of all others similarly situated, commenced this lawsuit in the Supreme Court of the State of New York, Kings County, against Defendant PIM Brands USA, Inc.[1]  *See* Dkt. No. 1 at 10-29.[2]  On April 24, 2025, Defendant removed this action to the United States District Court for the Eastern District of New York.  *See* Dkt. No. 1 at 1-8.

Currently pending before the undersigned, on a referral from the Honorable Nicholas G. Garaufis, United States District Judge, is Plaintiff's motion, pursuant to 28 U.S.C. § 1447, to remand this action to the Supreme Court of the State of New York, Kings County.  *See generally* Dkt. Nos. 9, 10; Referral Order dated October 14, 2025.  In support of her motion, Plaintiff argues that remand is required because federal question jurisdiction is lacking, as Plaintiff only alleges violations of New York General Business Law ("NY GBL") §§ 349 and 350 in the Complaint.  *See* Dkt. Nos. 9, 10.  For the reasons set forth below, the undersigned respectfully recommends that

---

[1] Defendant states that it is improperly sued as PIM Brands USA, Inc., and that it is actually incorporated as "Promotion in Motion, Inc., d/b/a PIM Brands, Inc."  Dkt. No. 1 at 1.

[2] Page citations are to the ECF-stamped pages unless otherwise noted.

the Court grant Plaintiff's motion to remand this action to the Supreme Court of the State of New York, Kings County.

## I.    Relevant Background

In deciding a motion to remand, the Court will assume the truth of non-jurisdictional facts alleged in the Complaint, but the Court "may consider material outside of the Complaint including 'documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis' where jurisdictional facts are contested." *BGC Partners, Inc. v. Avison Young (Canada), Inc.*, 919 F. Supp. 2d 310, 312 n.3 (S.D.N.Y. 2013) (quoting *Romano v. Kazacos*, 609 F.3d 512, 520, 520 n.4 (2d Cir. 2010)); *see also Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*, 520 F. Supp. 3d 353, 356 (S.D.N.Y. 2021) ("On a motion to remand for lack of subject matter jurisdiction, courts assume the truth of non-jurisdictional facts alleged in the complaint, but may consider materials outside of the complaint, such as documents attached to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis."). "The nature of plaintiff's claim must be evaluated on the basis of the record as it stands at the time the petition for removal is filed." *Bruan, Gordon & Co. v. Hellmers*, 502 F. Supp. 897, 901 (S.D.N.Y. 1980).

### A.    Factual Background

Plaintiff, a resident of Kings County, New York, alleges that Defendant, a Delaware corporation with a principal place of business in New Jersey, sold "adulterated" strawberry fruit bars ("Real Strawberry Fruit Bars") that have larger proportions of apples and grapes than strawberries. Dkt. No. 1 at 15-16 ¶¶ 18-21; 21 ¶¶ 48-50. The Complaint lists health benefits of strawberries such as nutrient density, vitamin C, and polyphenols. *Id.* at 11-12 ¶¶ 4-10. Plaintiff also includes data from the Bureau of Labor Statistics that compares the per pound prices of apples

2

and strawberries, with apples ranging from $1.20 to $1.50 while strawberries are typically $2 to $4. *Id.* at 13 ¶ 14. Plaintiff alleges that Defendant "misbranded" the Strawberry Fruit Bars in a way that "caus[ed] purchasers to expect it was made entirely, or at least, in significant part, from strawberries . . ." despite strawberries being the smallest fruit component of the bars. *Id.* at 16 ¶ 21. Plaintiff further alleges that the product is "misbranded" because the bars use the term "Real Strawberry Fruit Bars" when that term is "not a truthful or non-misleading 'common or usual name' for fruit bars mainly made from apples and grapes." *Id.* at 17 ¶ 25.

Plaintiff lists three reasons why strawberries are the "characterizing ingredient" for the Real Strawberry Fruit Bars, as defined by 21 C.F.R. § 102.5(b). *Id.* at 18 ¶ 28. Plaintiff argues that: first, the proportion of strawberries in the food has a material bearing on the Real Strawberry Fruit Bars' price; second, the presence of strawberries has a material bearing on consumer acceptance; and third, the label and appearance of the Real Strawberry Fruit Bars creates an erroneous impression that the strawberries are present in an amount greater than is actually the case. *Id.* at 18-19 ¶¶ 29-35. Plaintiff argues that 21 C.F.R. § 102.5(b)(2) requires that "[t]he amount of strawberries was required to 'be declared by the words 'containing (or contains) __ percent (or %) _____' or '__ percent (or %) _____' with the first blank filled in with the percentage expressed as a whole number not greater than the actual percentage of [strawberries] . . . and the second blank filled in with the common or usual name of [strawberries].'" *Id.* at 19 ¶ 37 (quoting 21 C.F.R. § 102.5(b)(2)) (omissions in original).

Plaintiff argues that these "misleading representations and omissions" caused Plaintiff to pay a "premium price," of $2.99, higher than it would have sold for if "represented in a non-misleading way." *Id.* at 19 ¶ 38. Plaintiff affirms that she is a consumer who purchased the Real Strawberry Fruit Bars at issue and paid more for this product than she would have otherwise based

3

on Defendant's representations. *Id.* at 21-22 ¶¶ 54-56. Plaintiff claims that her damages are the difference between the higher cost she paid for the Real Strawberry Fruit Bars and the cost for fruit bars that contain larger amounts of non-strawberries. *Id.* at 22 ¶ 60.

Plaintiff seeks to represent a class of consumers who are New York citizens and who also purchased the fruit bars in reliance on Defendant's labeling. *Id.* at 22-23 ¶¶ 61-64. Plaintiff's single cause of action is brought under NY GBL §§ 349 and 350, which prohibit deceptive trade practices and false advertising, respectively. *Id.* at 25-28 ¶¶ 75-90. Plaintiff claims the difference in price between the strawberries bars as advertised and bars as purchased is "between five ($0.05) and sixty cents ($0.60) per unit." *Id.* at 28 ¶ 90. Finally, Plaintiff only seeks actual damages in addition to discretionary attorneys' fees, as authorized by GBL §§ 349 and 350. *Id.* at 28 ¶¶ 2-3.

## B.    Procedural History

As noted above, on February 5, 2025, Plaintiff filed this action in the Supreme Court of the State of New York, Kings County. *See* Dkt. No. 1 at 2 ¶ 1. Defendant filed a notice of removal on April 24, 2025. *See id.*[3] This notice argued that this case arises under federal law because it "implicated significant federal issues." *Id.* at 4 ¶ 12. Defendant contends that resolution of this action "turns on the definitions and interpretations of 'adulterated' and 'misbranded' under federal law." *Id.* at 5 ¶ 15. The notice of removal also contends that federal jurisdiction is necessary to "ensure uniform application of the [Federal Trade Commission Act] FTCA and [Federal Food,

---

[3] Defendant's notice of removal included Defendant's basis for removal, all process, and pleadings that have been served upon them in accordance with the requirements of 28 U.S.C. § 1446(b). *See generally* Dkt. No. 1. Defendant filed the notice of removal within 30 days after it was served, satisfying the timeliness requirement of 28 U.S.C. § 1446(b)(1). *See id.* ¶ 2; *Wade v. Burns*, 803 F. App'x 433, 435 (2d Cir. 2020) (finding that when a basis for removal is apparent from the face of the complaint, the 30-day removal period will be enforced).

4

Drug, and Cosmetic Act] FDCA." *Id.* at 7 ¶ 22. Defendant did not remove this action based on diversity jurisdiction.

On April 27, 2025, Plaintiff filed her motion to remand this case to state court. *See* Dkt. Nos. 9, 10. Defendant filed its opposition to Plaintiff's motion to remand on May 2, 2025, and Plaintiff filed her reply on May 4, 2025. *See* Dkt. Nos. 14, 15. The pending motion to remand was referred to the undersigned by Judge Garaufis on October 14, 2025. *See* October 14, 2025 Dkt. Order.

## II.      Legal Standards

"The federal district courts, as courts of limited jurisdiction, possess only such authority as is conferred by an act of Congress." *Elliott v. Jaquez*, 777 F. Supp. 3d 136, 146 (E.D.N.Y. 2025) (quoting *Portillo v. Bharara*, 527 F. App'x 48, 49 (2d Cir. 2013)). "An action filed in state court may be properly removed by a defendant to federal court in 'any civil action . . . of which the district courts of the United States have original jurisdiction.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting 28 U.S.C. § 1441(a)).

"Original jurisdiction exists where a 'federal question' is presented, 28 U.S.C. § 1331, or when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000." *Schabhuttl v. BJ's Membership Club, Inc.*, No. 23-CV-782 (NGG) (JMW), 2023 WL 3180379, at *1 (E.D.N.Y. May 1, 2023) (Garaufis, J.) (quoting 28 U.S.C. § 1332). "A defendant may remove 'any civil action brought in a state court' to federal court where 'the district courts of the United States have original jurisdiction.'" *Id.* (quoting § 1441(a)).

"[T]he burden of proving that jurisdiction is proper is on the party that removed the action." *Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, No. 12-CV-5078, 2014 WL 123488, at *5 (E.D.N.Y. Jan. 10, 2014) (Garaufis, J.) (quoting *Montefiore Med. Ctr. v. Teamsters Local*

5

*272*, 642 F.3d 321, 327 (2d Cir. 2011)). "The statutes concerning removal are strictly and narrowly construed, 'resolving any doubts against removability.'" *Id.* (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013)).

"If a federal district court determines that it lacks subject matter jurisdiction over a case removed from state court, the case must be remanded." *Cnty. of Nassau v. New York*, 724 F. Supp. 2d 295, 301 (E.D.N.Y. 2010) (Bianco, J.) (citing 28 U.S.C. § 1447(c)); *see also Purdue Pharma*, 704 F.3d at 220 (noting the "Supreme Court's directive to construe removal statutes strictly and resolve doubts in favor of remand."); *Levitan v. Gilead Scis., Inc.*, No. 25-CV-393 (AMD) (JAM), 2025 WL 2782407, at *5 (E.D.N.Y. Sept. 30, 2025) ("If the federal court lacks subject-matter jurisdiction, it must grant the motion to remand.") (citation omitted).

## III.   Discussion

At issue here is whether Plaintiff's state law claims fall within "a special and small category of cases" so as to admit federal question jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)). The undersigned respectfully recommends a finding that no federal question jurisdiction exists here.

"It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Barone v. Bausch & Lomb, Inc.*, 372 F. Supp. 3d 141, 146 (W.D.N.Y. 2019) ("In determining whether removal based upon federal question jurisdiction is proper, the 'well-pleaded complaint rule' typically governs, which requires a court to consider only allegations in the complaint and not matters raised by the defendant in defense.") (citing *Franchise Tax Bd. of the State of Cal v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9-10 (1983)).

Additionally, "the artful-pleading doctrine, [a] corollary to the well-pleaded complaint rule, prevents a plaintiff from avoiding [federal jurisdiction] by framing in terms of state law a complaint the real nature of [which] is federal, . . . or by omitting to plead necessary federal questions in a complaint." *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1019 (2d Cir. 2014) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 55 (2d Cir. 1998)). "Plaintiffs invoke federal-question jurisdiction by pleading causes of action created by federal law." *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 736 F. Supp. 3d 169, 179-80 (S.D.N.Y. 2024), *aff'd*, 136 F.4th 32 (2d Cir. 2025) (citing *Gunn*, 568 U.S. at 257).

"But even in the absence of artful pleading, federal jurisdiction may properly be exercised over a 'special and small' category of actual state claims that present significant, disputed issues of federal law." *NASDAQ OMX Grp.*, 770 F.3d at 1019 (citing *Gunn*, 568 U.S. at 256-57). "The category, which dates back 'nearly 100 years' in Supreme Court precedent, is rooted in 'the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.'" *Id.* (citing *Grable*, 545 U.S. at 312). Indeed, "the Supreme Court has been sparing in recognizing state law claims fitting this criterion." *Id.* (citations omitted). It is well-settled that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809-10 (1986); *see also Grable*, 545 U.S. at 314 (the presence of a federal issue does not operate "as a password opening federal courts to any state action embracing a point of federal law.").

The Supreme Court has established a four-part test—the *Grable-Gunn* test—to determine whether federal question jurisdiction exists. *AMTAX Holdings 227*, 736 F. Supp. 3d at 180 (citing

7

*Grable*, 545 U.S. at 314; *Gunn*, 568 U.S. at 258). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "The Supreme Court has made clear that jurisdiction is proper under *Grable-Gunn only* where 'all four of these requirements are met.'" *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 38 (2d Cir. 2025) (quoting *Gunn*, 568 U.S. at 258) (emphasis in original). "Where all four of these requirements are met, . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,'" and these advantages "can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313-14).

Applying the four-part *Grable-Gunn* test, the undersigned concludes that the third prong, substantiality of the federal issue, is lacking, and accordingly finds that this Court lacks federal question jurisdiction. The Court examines each *Grable-Gunn* factor below.[4]

### A.     The First *Grable-Gunn* Factor

The first *Grable-Gunn* factor is whether a federal question is necessarily raised by the state law claim that Plaintiff brings. *See Gunn*, 568 U.S. at 258. "A state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law." *N.Y. ex rel. Jacobson v. Wells Fargo Nat'l Bank. N.A.*, 824 F.3d 308, 315-16 (2d Cir. 2016). Indeed,

---

[4] As noted above, Defendant does not seek removal on the grounds of diversity jurisdiction. But even if it had, "the party seeking removal must show that the plaintiff and defendant are of diverse citizenship and that the amount-in-controversy exceeds \$75,000, the jurisdictional amount provided by 28 U.S.C. § 1332(a)." *Lycan Cap. Fund I, LLC v. Barnes*, No. 23-CV-4543 (HG) (MMH), 2023 WL 4491651, at *2 (E.D.N.Y. June 30, 2023). "The party seeking to remove the case has the burden of proving that the amount in controversy exceeds the statutory limit to a "reasonable probability." *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003). No such argument is raised here, thus, Defendant has not met its burden of demonstrating diversity jurisdiction.

8

"[f]or a federal issue to be necessarily raised, the mere presence of a federal issue in a state cause of action is insufficient; the pertinent question of federal law must be a necessary element of one of the well-pleaded state claims." *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 140 (2d Cir. 2023). "On the other hand, 'if a court could resolve the case without reaching the federal issues, then the claims do not necessarily raise a federal issue.'" *New York by James v. Sirius XM Radio Inc.*, 735 F. Supp. 3d 272, 277 (S.D.N.Y. 2024) (quoting *State by Tong*, 83 F.4th at 140).

The undersigned finds that the first factor is satisfied. Plaintiff's claim under GBL §§ 349 and 350 appears predicated on a violation of federal law, namely, the FTCA. Indeed, Plaintiff's complaint alleges that

> [t]he packaging and labeling of the Product violated the [FTCA], thereby violating the GBL, because the representations, omissions, design, markings, and/or other elements, including, "Real Strawberry Fruit Bars," promoted as "Made With Whole Fruit," with pictures of ripe strawberries, caused purchasers to expect it was made only from strawberries, or a predominant and/or relatively significant amount of strawberries, which was unfair and deceptive to consumers.

Dkt. No. 1 at 58 ¶ 81. "Where a federal issue is present as only one of multiple theories that could support a particular claim . . . this is insufficient to create federal jurisdiction." *Anghel v. Ruskin Moscou Faltischek, P.C.*, 598 F. App'x 805, 807 (2d Cir. 2015) (summary order) (citations omitted). Indeed, "[o]ne of the key characteristics of a mere 'theory,' as opposed to a distinct claim, is that a plaintiff may obtain the relief he seeks without prevailing on it." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195 (2d Cir. 2005).

Here, while the New York's Agriculture and Marketing law ("AGM") "similarly provides in relevant part that food shall be deemed misbranded '[i]f its labeling is false or misleading in any particular,' and incorporates the FDCA's labeling provisions found in 21 C.F.R. part 101," *Ackerman v. Coca-Cola Co.*, No. 09-CV-395 (JG), 2010 WL 2925955, at *4 (E.D.N.Y. July 21,

9

2010), the Court cannot award the relief requested by Plaintiff without reaching the question whether Defendant violated federal law. *See Sirius XM Radio*, 735 F. Supp. 3d at 277. Accordingly, at this stage in the litigation, the first *Grable-Gunn* factor is satisfied.[5]

## B.    The Second *Grable-Gunn* Factor

The second *Grable-Gunn* factor addresses whether the federal issue is actually disputed. *See Gunn*, 568 U.S. at 258. For the issue to be actually disputed, it must "qualif[y] as a 'central point of dispute' in that state action." *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 913 (2d Cir. 2024) (quoting *Gunn*, 568 U.S. at 259); *see also Levitan*, 2025 WL 2782407, at *11 (finding that a question about the legality of federal court orders and defendant's compliance with those orders is actually in dispute). Courts in this Circuit have defined "actually disputed" as the case when "the parties [] dispute the validity, applicability, construction, or effect of any of the federal standards referenced in the complaint." *Podems v. Cangemi*, No. 24-CV-4226 (NRM) (JRC), 2025 WL 934763, at *7 (E.D.N.Y. Mar. 3, 2025), *report and recommendation adopted*, 2025 WL 1064951 (E.D.N.Y. Apr. 9, 2025); *see also New York By James v. DailyPay, Inc.*, No. 25-CV-3439 (JGK), 2025 WL 2695712, at *7 (S.D.N.Y. Sept. 19, 2025) (finding that "a federal issue is 'actually disputed' when there is a controversy 'respecting the effect of federal law'") (quoting *Gunn*, 568 U.S. at 259).

---

[5] On May 29, 2025, the Court denied Defendant's application for a pre-motion conference for its anticipated dispositive motion, as the parties agreed that the Court should rule on the pending motion to remand before setting a briefing schedule for Defendant's anticipated motion to dismiss. The Court is therefore not opining on the merits of Plaintiff's claim here. The Court notes, however, that "[a]lthough the AGM incorporates federal regulations 'forbidding the misbranding of food, plaintiffs receive their private rights of action for the misbranding of food under consumer protection laws,' such as GBL §§ 349 and 350." *Frias v. Mars Wrigley Confectionery US LLC*, No. 23-CV-4422 (AT), 2024 WL 3988667, at *4 (S.D.N.Y. Aug. 28, 2024) (citations omitted). "AGM § 32 makes clear that New York's Commissioner of Agriculture and Markets, not individual plaintiffs, has the sole right to investigate and bring such actions under the AGM." *Id.* (quotation omitted).

10

Plaintiff argues that federal issues are not in dispute in this litigation because her state law claims can be proven only by reference to New York's AGM; neither party is attacking the validity of the FDCA, and the requirements for labelling fruit bars does not implicate a complex federal regulatory scheme. *See* Dkt. No. 10 at 11-12. Defendant argues that the federal issues raised are the only issues disputed in this litigation, and further contends that, if it was held to have complied with the federal requirements of the FDCA, such compliance would operate to preempt and foreclose recovery on Plaintiff's state law claim. *See* Dkt. No. 14 at 17.

The undersigned finds that the federal issue of whether Defendant complied with the FDCA is actually disputed for the purposes of the *Grable-Gunn* test. As pled, Plaintiff's contention that Defendant "misbranded" and "adulterated" its Real Strawberry Fruit Bars in violation of the FDCA, as adopted by the AGM, comprises an essential component of Plaintiff's claim under GBL §§ 349 and 350. *See* Dkt. No. 1 at 25-27 ¶¶ 75-90. Indeed, Plaintiff cannot prevail in this suit without proving the same. Defendant sharply disputes, "both legally and factually[,]" that its products were "mislabeled" or "adulterated" as defined under either federal or state law, *see* Dkt. No. 14 at 14 n.2, and further disputes that strawberries are the "characterizing" ingredient in its fruit bars. *Id.* at 20. Because the interpretation of the FDCA standards, as adopted by the AGM, concerning branding, labeling, and adulteration of Defendant's products is a critical component of this case, the federal issue is "actually disputed." *See Podems*, 2025 WL 934763 at *7 (holding that a dispute about the effect of a federal statute qualifies as an actual dispute); *Broder*, 418 F.3d at 195 (finding the "actually disputed" requirement met where the parties disagreed on whether the defendant's practices violated a federal antitrust statute); *but see Kennedy v. UnitedHealth Grp. Inc.*, No. 25-CV-432 (PAE), 2025 WL 1725147, at *6 (S.D.N.Y. June 20, 2025) (finding that a

11

federal issue raised by Defendant in opposition to remand and not in plaintiff's amended complaint or motion for remand was "manufactured" and not "actually disputed").

Therefore, the undersigned finds that the federal issues raised in Plaintiff's complaint are actually disputed.[6]

### C.    The Third *Grable-Gunn* Factor

The third *Gunn-Grabel* factor mandates that the federal issue presented be "substantial." *See Gunn*, 568 U.S. at 260. That the federal issue is substantial to the resolution of the case, or to the parties is insufficient; "[t]he substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.*; *see also AMTAX Holdings 227*, 136 F.4th at 39 ("Substantiality requires that the embedded federal issue be important 'to the federal system as a whole,' not just the private litigants involved.") (citing *Gunn*, 568 U.S. at 260-64). "An issue has such importance (1) when a state-law claim would yield an interpretation of federal law that would be 'controlling in numerous other cases,' . . . or (2) when it challenges the 'action of any federal department, agency, or service.'" *AMTAX Holdings 227*, 136 F.4th at 39 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)). Additionally, "an issue that is 'fact-bound and situation-specific' is not sufficiently substantial to permit federal question jurisdiction." *Id.* (quoting *Empire Healthchoice Assur.*, 547 U.S. at 701. Moreover, "[a]n issue tends to be substantial if it is 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous [similar] cases.'" *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 145 (2d Cir. 2021) (quoting *Empire Healthchoice Assur.*, 547 U.S. at 700). "Even

---

[6] While this factor weighs in favor of removal, the Supreme Court has cautioned that, "the mere presence of a [disputed] federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Link Motion*, 103 F.4th at 913 (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)); *see also Arias v. Budget Truck Tr. I*, No. 09-CV-0774 (BMC), 2009 WL 497614, at *1 (E.D.N.Y. Feb. 26, 2009) (finding that the existence of a federal defense does not automatically confer federal question jurisdiction); *Isufi v. Prometal Const., Inc.*, 927 F. Supp. 2d 50, 54 (E.D.N.Y. 2013) (same).

12

absent federal review, substantiality is not shown by the mere possibility of a state court ruling at odds with federal law." *Link Motion*, 103 F. 4th at 914-15 (citing *Gunn*, 568 U.S. at 263).

While, as discussed *supra*, this action raises a federal issue that is actually disputed, the issue is insufficiently substantial to warrant the assertion of federal subject matter jurisdiction. Indeed, "substantiality must be determined based on a careful, case-by-case judgment." *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 116 (2d Cir. 2024) (quoting *NASDAQ OMX Grp.*, 770 F.3d at 1028) (citation omitted). "[I]t is to be expected that, after such careful, case-specific consideration, most federal law questions raised in connection with state law claims will not be deemed substantial." *Id.* (quoting *NASDAQ OMX Grp.*, 770 F.3d at 1029).

Plaintiff argues that this case lacks substantiality because the allegedly "fact-intensive" consumer deception dispute is only important to the parties, and any court holding would not govern other cases; thus, its resolution would not have implications for the federal system. *See* Dkt. Nos. 10 at 9-10; 15 at 7. Defendant contends that Plaintiff's theory of recovery "is purely a question of law with implications for future claims under the FDCA, that should be resolved in federal court[,]" and does not present fact-intensive inquiries. *See* Dkt. No. 14 at 19-20.

The undersigned is inclined to agree as this case presents a fact-specific inquiry (and not a pure question of law), which lessens its potential precedential value and thus, its importance to the federal system and substantiality. *See Empire Healthchoice*, 547 U.S. at 701 (finding that fact-bound and specific claims are not substantial questions of federal law as they would not "govern numerous [similar] cases"). To assess the merits of Plaintiff's claim, the Court would have to investigate the ingredients of the Real Strawberry Fruit Bars; assess the relative value of the Real Strawberry Fruit Bars compared with other bars; and arrive at a determination as to whether the

13

Real Strawberry Fruit Bars had false or misleading labels, or otherwise contained fruits of poorer quality from the perspective of consumers.[7] *See* Dkt. No. 1 at 11-14 ¶¶ 1-17. Though such factual determinations would involve interpreting the FDCA and regulations promulgated thereunder, the same would likely only lead to resolution of this controversy. *See DailyPay*, 2025 WL 2695712, at *7 (finding that a case applying the Consumer Financial Protection Act to a particular set of facts was the type of fact-bound inquiry that is not sufficiently substantial); *see also Sunvestment*, 116 F.4th at 116-17 (finding the substantiality requirement was "not met" where a court's decision would turn on, among other things, the practices of a particular utility company).

Additionally, as Plaintiff contends, neither party is seeking to challenge the actions of the U.S. Food and Drug Administration or the Federal Trade Commission, which weighs against a finding of substantiality. Dkt. No. 10 at 10; *see AMTAX Holdings 227*, 136 F.4th at 39 (noting the importance to the federal system, and thus, substantiality, of actions challenging federal agencies or regulations); *see also Empire Healthchoice Assurance*, 547 U.S. at 700.

Defendant cites *Broder* for the mistaken proposition that a federal issue is substantial and warrants an exercise of federal question jurisdiction, so long as it is "not clearly insubstantial." 418 F.3d at 195; *see* Dkt. No. 14 at 17. However, since *Broder*, the Second Circuit has clarified that substantiality "typically exists only in those exceptional cases that go beyond the application

---

[7] As stated in *Ackerman*,

> In order to show that Plaintiff is entitled to relief for a violation of New York General Business Law ("GBL") § 349, relating to deceptive business practices, or § 350, relating to false advertising, a plaintiff must show: (1) that the act, practice, or advertisement was consumer-oriented; (2) that the act, practice, or advertisement was misleading in a material respect, and (3) that the plaintiff was thereby injured. *See Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000) (§ 349); *Horowitz v. Stryker Corp.*, 613 F. Supp.2d 271, 287 (E.D.N.Y. 2009) (§ 350) (citation omitted).

2010 WL 2925955, at *22.

14

of some federal law raised in connection with state-law claims and instead implicate broad consequences to the federal system or the nation as a whole." *Sunvestment*, 116 F.4th at 115 (citing *Gunn*, 568 U.S. at 263-64); *see also AMTAX Holdings 227*, 136 F.4th at 39 (holding that a federal issue is substantial if it raises issues of law that can affect the cases of other litigants besides the parties in this case); *Tantaros*, 12 F.4th at 145 (finding that a case would "be substantial if it is 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous [similar] cases'").

Defendant further contends that this case will compel the court to "review, construe and apply various general and specific, interconnected regulations of [the FDCA's] complex federal regulatory scheme," thus increasing its importance to the federal system and its substantiality. *See* Dkt. No. 14 at 18. But "absent special circumstances,[] there is no federal question jurisdiction over garden-variety state-law claims 'resting on federal mislabeling and other statutory violations.'" *Caggiano v. Pfizer, Inc.*, 384 F. Supp. 2d 689, 691 (S.D.N.Y. 2005) (finding no federal question jurisdiction, despite plaintiffs' expressed intention to have a state court determine whether "certain federal law violations constitute negligence *per se* under state law.") (citing *Grable*, 545 U.S. at 319). Additionally, the argument that federal question jurisdiction is necessary to promote uniformity in interpretation of the standards created by the FDCA has been "specifically rejected by the Supreme Court in *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 815-16 (1986)." *Id.* at 691 n.2.

Furthermore, Defendant's contention that Congress's decision, via the FDCA, "to impose uniform, national requirements, to be dictated by a federal agency, which cannot be upset or disturbed by any competing state law, 21 U.S.C. § 343-1(a)(2)[,]" compels a finding of substantiality, *see* Dkt. No. 14 at 18, is without merit and undermined by the FDCA's lack of a

private cause of action. To be sure, "since *Merrell Dow*[,] the Supreme Court has clarified that the absence of a federal cause of action is a factor relevant to, but not dispositive of, the question of whether a federal law dispute raised by a state law claim can properly be deemed substantial." *NASDAQ OMX Grp.*, 770 F.3d at 1028 (citing *Grable*, 545 U.S. at 310, 318). Nevertheless, in *Merrell Dow*, the absence of a federal cause of action was held to be probative of whether federal question jurisdiction was intended at all. *See* 478 U.S. at 812 ("The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated."). Here, the dearth of a federal private cause of action suggests that this case lacks importance "to the federal system as a whole[,]" and thus, substantiality, and the exclusivity of federal standards, as adopted by the states, does not alter this conclusion. *See Gunn*, 568 U.S. at 260; *Pritika v. Moore*, 91 F. Supp. 3d 553, 559 (S.D.N.Y. 2015) ("[T]he missing cause of action [is seen] not as a missing federal door key, always required,[] but as a missing welcome mat, required . . . when exercising federal jurisdiction over a state [claim] would . . . attract[] a horde of original filings and removal cases raising other state claims with embedded federal issues.") (quoting *Grable*, 545 U.S. at 318); *see also Merrell Dow*, 478 U.S. at 815-16; 21 U.S.C. § 343–1(a)(5).

Accordingly, the undersigned finds that Plaintiff's claims are not sufficiently substantial under *Grable-Gunn* to justify federal question jurisdiction.

### D.    The Fourth *Grable-Gunn* Factor

Although it is not necessary for the undersigned to consider the remaining *Grable-Gunn* factor in light of the above, he will do so for the sake of completeness. The fourth *Grable-Gunn* factor is that "the claim must be one "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314; *see also Gunn*, 568 U.S. at 264 (*Grable*'s fourth requirement "is concerned with the

16

appropriate "balance of federal and state judicial responsibilities."). The Supreme Court in *Gunn* added that "in the absence of a substantial federal issue, '[i]t follows' that exercise of federal jurisdiction over a state claim would disrupt the [appropriate federal and state balance]." *Link Motion*, 103 F.4th at 916 (quoting *Gunn*, 568 U.S. at 264). Courts typically look to "the nature of the claim, the traditional forum for such a claim, and the volume of cases that would be affected." *AMTAX Holdings 227*, 136 F.4th at 40 (quoting *Jacobson*, 824 F.3d at 316) (the "*Jacobson*" factors).

In arguing for remand, Plaintiff argues that the "misbranding" and "adulteration" alleged in the complaint is "of peculiarly local concern," and falls within the ambit of a state's traditional police powers. *See* Dkt. No. 10 at 9. Defendant, alternatively, cites *Broder* for the idea that allowing federal courts to adjudicate GBL § 349 claims that turn on federal law standards preserves the federal-state balance. *See* Dkt. No. 14 at 21 (citing *Broder*, 418 F.3d at 196). Additionally, Defendant suggests that Plaintiff's counsel drives most of the litigation in this field, thus, any decision to hear this case in federal court would not meaningfully affect food labeling litigation. *Id.* at 21.

Despite the lack of a substantial federal issue, as outlined *supra*, the undersigned will consider the *Jacobson* factors to determine if exercising federal jurisdiction would upset the balance between federal and state judiciaries. *Gunn*, 586 U.S. at 264; *Jacobson*, 824 F.3d at 316. Looking first at the nature of the claim, Plaintiff's cause of action comes from the New York General Business Laws, *see* Dkt. No. 1 at 25-27 ¶¶ 75-90, and though its resolution would require interpretation of federal law, state courts are competent to do so. *See Tantaros*, 12 F.4th at 146 (finding state courts competent to apply the Federal Arbitration Act); *but see State ex rel. Am. Advisory Servs., LLC v. Egon Zehnder Int'l, Inc.*, 592 F. Supp. 3d 183, 211 (S.D.N.Y. 2022)

17

(finding that Tax Bar to the federal False Claims Act demonstrates a clear legislative preference to leave discretion to pursue tax violations to the IRS and denying remand to state court).

Here, the relevant federal law clearly allows for parallel state enforcement, as evidenced by Congress's refusal to preempt state regulations that mirror the federal standard. *See* 21 U.S.C. § 343-1(a)(2); *Ward v. Pepperidge Farm, Inc.*, 773 F. Supp. 3d 10, 23 (S.D.N.Y. 2025) (finding that federal regulations for food labeling do not preempt parallel state laws). Despite Congress's passage of the FDCA and the federal government's exclusive authority over such regulations, *see* 21 U.S.C. § 343-1(a)(2), Plaintiff's cause of action for violation of GBL §§ 349 and 350 is "formulated as [a] state law claim[] frequently resolved by New York State courts." *See Barone*, 372 F. Supp. 3d at 159. This accordingly weighs against federal question jurisdiction.

Moreover, because such claims are not preempted, New York state courts have long heard cases regarding the adulteration and/or misleading labeling of foods. *See, e.g., Animal Legal Def. Fund, Inc. v. Aubertine*, 119 A.D.3d 1202, 1203 (3d Dep't 2014) ("Petitioners seek, among other things, a declaration that force-fed foie gras[] is an adulterated food product."); *Langiulli v. Bumble Bee Seafood, Inc.*, 604 N.Y.S.2d 1020, 1021 (Sup. Ct. West. Cnty. 1993) ("It is apparent to this Court that the thrust and intent of these [AGM] sections is to prohibit the sale of impure or contaminated products . . . ."); *People v. Coney Island Soda Water Co.*, 256 N.Y.S. 639, 639 (1st Dep't 1932) (addressing a case involving the "true fruit flavors" of a product); *People v. Wyman*, 226 A.D. 220, 222 (4th Dep't 1929) (finding that a liquid labeled as "Cherry Soda" that contained no cherry fruit flavor was mislabeled); *People v. Durkee*, 189 A.D. 276, 278 (3rd Dep't 1919) (holding that a sauce sold under a "secret formula" that contained no dangerous ingredients was not adulterated); *People v. Park*, 60 A.D. 255, 258 (1st Dep't 1901) (finding that a beverage sold as lemonade that contained no lemon juice and instead contained inferior and cheaper fruits was

18

adulterated).  These cases indicate a federal acceptance of New York's regulatory regime and that similar adulteration and mislabeling cases may be handled in state court.  Accordingly, finding no federal question jurisdiction here "would not materially affect, or threaten to affect, the normal currents of litigation."  *Grable*, 545 U.S. at 319.

To consider the volume of cases that would be affected, it is worth considering Defendant's assertion that Plaintiff's counsel has brought myriad mislabeling and adulteration cases in federal and state court.  Dkt. No. 14 at 21-22.  Neither party puts forward an argument about how this case could affect future cases of this type, but Plaintiff's choice of forum was made intentionally, and the Court will respect this choice of forum here.  *See In re Lehman Bros. Holdings Inc.*, 594 B.R. 33, 73 (Bankr. S.D.N.Y. 2018); *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 n.6 (2013).

Though the lack of substantiality alone counsels against the exercise of federal jurisdiction here, the *Jacobson* factors also suggest that remanding the case to state court will preserve the federal-state judicial balance and respect both Congress's legislative decisions and Plaintiff's original choice of forum.  *Gunn*, 568 U.S. at 264; *Jacobson*, 824 F.3d at 316.[8]

---

[8] In her reply memorandum of law, Plaintiff asserts, for the first, time, that she is entitled to an award of attorneys' fees and "just costs" because Defendant removed this case to federal court without an objectively reasonable basis for doing so.  *See* Dkt. No. 15 at 11 (citing *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011)).  Plaintiff points to the lack of a federal claim in her Complaint as evidence of the removal's allegedly unreasonable nature.  *Id.*

As a preliminary matter, Plaintiff has waived this argument, and thus, her claim to attorneys' fees and costs, by failing to raise the same in her opening memorandum.  *See Tutor Time Learning Ctrs., LLC v. GKO Grp.*, Inc., No. 13-CV-2980 (JMF), 2013 WL 5637676, at *1 (S.D.N.Y. Oct. 15, 2013) ("arguments raised for the first time in a reply memorandum are waived and need not be considered."); *see also, e.g., Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010).  Additionally, *Calabro v. Aniqa Halal Live Poultry Corp.*, cited by Plaintiff, is inapposite, as that case was removed on the basis of federal question jurisdiction arising from a federal claim posed in a third-party complaint.  *See* 650 F.3d 163, 166 (2d Cir. 2011).  Here, Defendant removed on the basis of purported federal question jurisdiction based on Plaintiff's complaint, *see* Dkt. No. 1, which is not objectively unreasonable for lack of compliance with this Circuit's "well-pleaded complaint rule."  *See Barone*, 372 F. Supp. 3d at 146 ("In determining whether removal based upon federal question jurisdiction is proper, the 'well-pleaded complaint rule'

19

## IV.   Conclusion

Accordingly, the undersigned respectfully recommends that the Court grant Plaintiff's motion to remand this case to the Supreme Court of the State of New York, Kings County.

A copy of this Report and Recommendation is being electronically served on counsel. Any objections to this Report and Recommendation must be filed within fourteen days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Garaufis. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      Brooklyn, New York
            November 15, 2025

**SO ORDERED.**

    /s/ Joseph A. Marutollo
JOSEPH A. MARUTOLLO
United States Magistrate Judge

---

typically governs, which requires a court to consider only allegations in the complaint and not matters raised by the defendant in defense.") (citation omitted).

Accordingly, Defendant's removal of this action on the basis of federal question jurisdiction was not objectively unreasonable, and the undersigned will not recommend the award of attorneys' fees and costs to Plaintiff.

20